# 𝕽𝖎𝖈𝖍𝖒𝖔𝖓𝖉.

## SEYMOUR CHANDLER v. COMMONWEALTH.

### January 18, 1923.

1. CRIMINAL LAW—*Flight—Instructions—Undue Prominence to Particular Fact.*—In a prosecution for violation of the prohibition act the court instructed the jury that they might "consider the fact that the defendant ran when the officers approached the distillery as evidence in determining his guilt," and the court added orally that neither the presence of the accused at the still, nor his flight on the approach of the officers, were themselves sufficient to convict the accused, but might be considered as circumstances tending to prove his guilt.

   *Held:* That this instruction was not erroneous as unduly emphasizing one of the facts shown by the evidence.

2. CRIMINAL LAW—*Flight.*—The flight of a person after the commission of an offense does not measure up to the standard or presumptive evidence of guilt, but is merely evidence tending to show guilt, to be considered by the jury and given such weight as they deem proper in connection with other pertinent and material facts and circumstances in the case.

3. INTOXICATING LIQUORS—*Prohibition Act—Manufacture of Ardent Spirits —Evidence Held Sufficient to Support Verdict of Guilty.*—In the instant case, while the jury might have acquitted the prisoner by accepting his view that his presence at the distillery was merely casual, it was nevertheless true that, if they discredited his explanation of his presence there and accepted the inferences fairly to be drawn from the testimony introduced by the Commonwealth, their verdict of guilty was supported, and the Supreme Court of Appeals is by section 6363 of the Code of 1919 forbidden to disturb a verdict, unless it is plainly wrong or without evidence to support it.

Error to a judgment of the Circuit Court of Mecklenburg county.

*Affirmed.*

The opinion states the case.

*Irby Turnbull,* for the plaintiff in error.

*John R. Saunders, Attorney-General, J. D. Hank, Jr., Assistant Attorney-General,* and *Leon M. Bazile, Second Assistant Attorney-General,* for the Commonwealth.

PRENTIS, J., delivered the opinion of the court.

[1] The accused has been convicted of the unlawful manufacture of ardent spirits under an indictment sufficient in form. He is here relying upon two errors: First, that the court erred in giving an instruction which reads thus:

"The court instructs the jury that they may consider the fact that the defendant ran when the officers approached the distillery as evidence in determining his guilt;" to which the court added orally, that "neither the presence of the accused at the still, nor his flight on the approach of the officers, are of themselves sufficient to convict the accused, but may be considered by the jury as circumstances tending to prove his guilt;" and this oral instruction was afterwards reduced to writing.

The chief point emphasized in the brief is that the instruction unduly emphasized one of the facts shown by the evidence, and cases are cited in support of this rule which is well established in this jurisdiction. Our judgment, however, is that it should not be applied in this case. The facts here were very few, and there were only six short instructions given to the jury— three at the instance of the accused, two at the instance of the Commonwealth, and one, the oral instruction, by the trial judge. The fact that the accused ran away from the still when the officers approached was one of the few facts which the jury had to consider. The instruction did not direct a verdict upon a partial view of the facts, as many instructions have done, which under this rule have been heretofore condemned by this court,

and when considered in connection with the oral instruction appears to be fully justified.

[2] The subject has been recently considered by this court in *Jenkins* v. *Commonwealth*, 132 Va. 692, 111 S. E. 102. There the judgment was reversed because the court had instructed the jury that the flight of a person after the commission of a crime raises a presumption of guilt, and in this connection the rule is thus stated: "The better doctrine, supported by the clear weight of authority, is that such flight as is described in the instruction under review does not measure up to the standard of presumptive evidence of guilt, but is merely evidence tending to show guilt, to be considered by the jury and given such weight as they deem proper in connection with other pertinent and material facts and circumstances in the case." Citing 22 Am. & Eng. Ency. L. (2d ed.) 1265; 12 Cyc. 395; 9 R. C. L., p. 192, sec. 188; *Hickory* v. *United States*, 160 U. S. 408, 16 Sup. Ct. 327, 40 L. Ed. 474; *Alberty* v. *United States*, 162 U. S. 499, 16 Sup. Ct. 864, 40 L. Ed. 1051; Wharton's Crim. Ev., secs. 750, 751. Substantially the same conclusion is reached in *Anderson* v. *Commonwealth*, 100 Va. 863, 42 S. E. 865.

The assignment is not well taken in view of the evidence in this case.

[3] 2. The other error relied on is the refusal of the court to set aside the verdict and grant the accused a new trial upon the ground that the verdict is contrary to the law and the evidence.

Without reciting the evidence, we think it sufficient to say that while the jury might have acquitted the prisoner by accepting his view that his presence at the distillery was merely casual, it is nevertheless also true that if they discredited his explanation of his presence there and accepted the inference fairly to be drawn

from the testimony introduced by the Commonwealth, their verdict of guilty is supported.

We have evolved no more acceptable method of determining such conflicts in the testimony than the jury trial, and this court is by statute forbidden to disturb a verdict unless it is plainly wrong or without evidence to support it.   Code, section 6363.

*Affirmed.*