# Richmond

## EUGENE SPENCER V. COMMONWEALTH.

March 15, 1923.

Absent, Burks, J.

1. INTOXICATING LIQUORS—*Violation of Prohibition Law—Operation of Still—Evidence Sufficient to Warrant Conviction—Case at Bar.*—Certain police officers found a still on land which defendant told them was owned by his father. The still was in full operation. Three men, one of whom was the defendant, were present. All three were watching the still, but not doing any particular work at the time. On the approach of the officers two of the men escaped. Accused had no opportunity to escape, but "looked like he was going to run." There was some whiskey and a large quantity of mash at the still, and the officers could see and smell mash on the accused's clothes. Accused offered the officers $10 apiece to let him go. Defendant's father testified that the still was not on his land. Defendant gave an account of his presence which, if true, was consistent with his innocence.

*Held:* That this evidence was sufficient to support a verdict of guilty.

Error to a judgment of the Circuit Court of Lunenburg county.

*Affirmed.*

The opinion states the case.

*Geo. E. Allen*, for the plaintiff in error.

*John R. Saunders, Attorney General, J. D. Hank, Jr., Assistant Attorney General*, and *Leon M. Bazile, Second Assistant Attorney General*, for the Commonwealth.

KELLY, P., delivered the opinion of the court.

The defendant, Eugene Spencer, a youth eighteen years old, was found guilty of violating the State prohibition law (Acts 1918, p. 578), and was sentenced, in accordance with the verdict of the jury, to a term of one month in jail and the payment of a fine of five hundred dollars.

There were several counts in the indictment, and the jury returned a general verdict; but the sole question before us is whether the evidence was sufficient to prove that the defendant was a participant in the operation of a still for the manufacture of ardent spirits.

On behalf of the Commonwealth the evidence either showed, or tended materially to show, the following facts:

Certain police officers found a still on land which the defendant told them was owned by his father. The still was in full operation. Three men, one of whom was the defendant, were present. None of them appeared to be doing any particular work at the time, but all three of them were watching the still. They saw the officers approaching, and the two older men, who were standing up, fled and made good their escape. The defendant was lying down, and "seemed to be perfectly at home." He "raised up" when he saw the officers, but was closer to them than his companions and had no opportunity to escape. "He looked like he was going to run," but the officers were in reach of him before he got on his feet. There was some whiskey and a large quantity of mash at the still, and the officers could see and smell mash on the defendant's clothes. They asked him to tell them the names of the two men who ran away, but he claimed that they had refused to tell him their names, and that he had no idea who they were and had never seen them before. He proposed to pay the officers ten dollars apiece if they would let him go.

The defendant's father testified that the still was not on his land, and the defendant's own testimony gave an account of his presence there, which, if true, was consistent with his innocence.    It is perfectly apparent, however, that the evidence on behalf of the Commonwealth was sufficient to make out a *prima facie* case of his guilt, and it was for the jury to determine whether his version was to be credited.    They were fully and fairly instructed, and no error is assigned with respect to the instructions.    The alleged offense occurred before the enactment of the present statute (Acts 1922, pp. 579-80), making the mere presence of a person at a still *prima facie* evidence of guilt, and the court told the jury at the defendant's request that if the only evidence connecting him with the charge was his presence and his attempt to flee, if he made such attempt, they should find him not guilty.    He had a fair trial, and upon the evidence we cannot interfere with the verdict.

The judgment must be affirmed.

*Affirmed.*