# 𝔚𝔶𝔱𝔥𝔢𝔳𝔦𝔩𝔩𝔢

## L. L. GILREATH v. COMMONWEALTH.

### June 21, 1923.

#### Absent, Kelly, P., and Burks, J.

1. INDICTMENTS, INFORMATIONS AND PRESENTMENTS—*Statutory Crimes—Following Statute—Negativing Exceptions.*—As a general rule indictments for statutory crimes should follow the statute substantially, negative the exceptions expressed therein, and allege all of the elements of the offense as defined by the statute.

2. INTOXICATING LIQUORS—*Indictment—Negativing Exceptions—Indictment for Possession of Still.*—In view of section 60-b of the prohibition act (Acts 1918, p. 594), which provides that if the accused claims the benefit of any exception in or to any section of the act, the burden shall be upon him to prove that he comes within the exception, an indictment under section 21½ of the prohibition act (Acts 1918, p. 594) for the possession of a still and stilling material need not negative the exceptions contained in that section.

3. INDICTMENTS, INFORMATIONS AND PRESENTMENTS—*Necessary Allegations.*—The Commonwealth is not required to allege any fact which it is not required to prove.

4. INDICTMENTS, INFORMATIONS AND PRESENTMENTS—*Demurrer—Waiver—Time of Demurrer.*—Accused was indicted for the possession of a still and stilling material under section 21½ of the prohibition act (Acts 1918, p. 594). To the indictment accused demurred on the ground that it did not negative the exceptions contained in section 21½ of the prohibition act. The demurrer was not interposed until after the jury had been impaneled and duly sworn to try the issue of fact.

   *Held:* That the point was waived by failure to interpose the demurrer in time. If there had been merit in the point, the indictment could and doubtless would have been amended under Code of 1919, section 4876, which authorizes amendments of indictments for misdemeanors which do not change the nature of the offense charged, at any time before judgment is entered.

5. APPEAL AND ERROR—*Intoxicating Liquors—Harmless Error—Failure to Negative Exceptions in Indictment.*—Accused was indicted for the unlawful possession of a still and stilling material, and demurred upon the ground that the indictment did not negative the exceptions contained in the statute.

*Held:* That accused was not prejudiced by the overruling of the demurrer, for if he was lawfully entitled to possession of the still, he could have proved it, and upon the trial on the merits he made no claim that he came within the exceptions, and the evidence clearly showed that he could establish no such claim.

6. INTOXICATING LIQUORS—*Possession of Still—Evidence Sufficient to Sustain Verdict of Guilty—Case at Bar.*—In the instant case accused was indicted for the unlawful possession of a still. It appeared from the evidence that the still, which apparently had been operated there, was only about one hundred yards from the dwelling of accused, was almost immediately at his corn field, was approached by a well-defined path leading through his barnyard and from his dwelling, over which the still, furnace, barrels, and their contents had apparently been carried. Accused relied upon testimony as to his good character, his claim of innocence, and denial of ownership, possession, or knowledge of the location or existence of the still.

*Held:* That the evidence raised an issue of fact, which was properly and fairly submitted to the jury by an instruction which sufficiently recognized the right of accused to an acquittal, unless they believed him to be guilty of the actual possession of the still beyond a reasonable doubt, and that the verdict of guilty could not be disturbed.

7. INTOXICATING LIQUORS—*Sentence to State Convict Road Force—Acts 1922, page 575, Section 5¼ not Unconstitutional.*—In the instant case, an appeal by defendant upon conviction of the possession of a still, it was assigned as error that the court sentenced accused to work on the public roads in the State convict road force, if default was made in the payment of a fine of $50 assessed against accused, and the costs, for an additional period of three months after the expiration of the period of confinement of one month which, as well as a fine of $50.00, was the punishment fixed by the verdict. It was claimed that there was no statute authorizing the additional sentence of three months at the time of the offense, and that the sentence is only authorized by the amendment—section 5¼ of the prohibition statute (Acts 1922, p. 575)—and that this amendment, if construed as applicable to offenses committed before it became effective, is *ex post facto* and void as to the accused.

*Held:* That accused, by the sentence, was not subjected to any punishment which was not fully authorized at the time his crime was committed, as the new act referred merely to matters of procedure.

8. INTOXICATING LIQUORS—*Sentence to State Convict Road Force—Acts 1922, Page 575, Section 5¼ not 'Unconstitutional.*—Section 5¼ of the prohibition act (Acts 1922, p. 575) is not retroactive for it can only be applied to subsequent convictions. It is not *ex post facto* because it does not increase the punishment itself, which was the fine. It neither creates a new offense nor increases the punishment for pre-

existing offenses.   It merely provides a more expeditious and simpler remedy for the collection of fines in prohibition cases, the imposition of which fines as punishment had been previously authorized.   The change is in the remedy and not in the punishment.

9.  STATUTES—*Constitutional Law—Retroactive Operation of Statute—Remedial Acts—Criminal Procedure.*—It is well established that the legislature may pass a remedial act, which in its effect may have a retrospective operation by way of relation to past events.   It cannot be doubted that the State may control the remedies furnished in her courts, and the law in force in that respect at the time of trial must prevail.   So far as mere modes of procedure are concerned, a party has no more right in a criminal than in a civil action to insist that his case shall be disposed of under the law in force when the act to be investigated is charged to have taken place.

Error to a judgment of the Circuit Court of Scott county.

*Affirmed.*

The opinion states the case.

*W. S. Cox*, for the plaintiff in error.

*John R. Saunders, Attorney General, J. D. Hank, Jr., Assistant Attorney General*, and *Leon M. Bazile, Second Assistant Attorney General*, for the Commonwealth.

PRENTIS, J., delivered the opinion of the court.

The accused was indicted under section 21½ of the prohibition statute, Acts 1918, p. 594.

The indictment charged that Luther Gilreath "did unlawfully have in his possession a still and stilling material, which had been used and was capable of being used in the manufacture of ardent spirits."   The indictment failed to use the language of the statute which makes such possession unlawful by "any person except duly licensed druggists, hospitals and laboratories * * unless owner shall be registered with the commissioner and obtain from him a permit to own such still * *."

[1-3] 1. The accused demurred to the indictment, claiming that it is defective because of the rule that indictments for statutory crimes should follow the statute substantially, negative the exceptions expressed therein and allege all of the elements of the offense as defined by the statute. That this is the general rule cannot be doubted. Beale's Cr. Pl. & Pr., sec. 199; *Sickel* v. *Commonwealth*, 124 Va. 830, 97 S. E. 783, 99 S. E. 678; *Collins* v. *City of Radford*, 134 Va. 518, 113 S. E. 738. We cannot, however, apply it to this indictment without the consideration of another section of the same statute —that is, section 60-b, which reads: "When, in any case prosecuted under this act, the accused claims the benefit of any exception in or to any section of this act, the burden shall be upon him to prove that he comes within the exception." This directs the attention to another general rule, namely, that the Commonwealth is not required to allege any fact which it is not required to prove.

It follows logically that as the Commonwealth is not required to prove that the accused was not protected by any of the exceptions expressed in this statute, it cannot be required to negative these exceptions in the indictment.

[4] We conclude, therefore, that the demurrer was properly overruled. The point, however, was waived by the accused because the demurrer was not interposed until after the jury had been impanelled and duly sworn to try the issue of fact. If it had merit, the indictment could and doubtless would have been amended under Code, section 4876, which authorizes amendments of indictments for misdemeanors, which do not change the nature of the offense charged, at any time before judgment is entered.

[5] The accused, however, was not in fact prejudiced,

for if he was lawfully entitled to possess such still, and had in fact been duly registered as its owner, according to law, he could have proved it, and his innocence would have been thereby established.   That the burden of showing that he was protected by any of the exceptions expressed in section 21½ is, as we have indicated, manifest from section 60-b.   Upon the trial on the merits he made no claim that he came within the exceptions, and the evidence clearly shows that he could establish no such claim.

2.   The jury having found the accused guilty, there was a motion to set aside the verdict, which was overruled, and this is assigned as error.

[6] This is a summary of the evidence introduced by the Commonwealth:  The sheriff of the county having information that there was a still in that locality, went with his son and the witness, Dougherty, to the farm which was the home of the accused.   They found a still about one hundred yards from his residence, beyond his barn, in a cluster of willows.  The still was of about fifty gallons capacity, was in a furnace and full of "beer."   There was no fire in the furnace, but it was ready for the fire to be started under it, and some wood was close at hand.   Fire had been previously in the furnace, the still had been previously operated, and the indications were as if whiskey had been made in it for "quite a while."   They also found there from seven to nine barrels of "beer"—over forty gallons.   "There was a plain path leading from the defendant's dwelling house up by his spring to this still," which appeared to have been recently used.   It was in July and the accused had a growing crop of corn in the same hollow.   Corn was also cultivated on the land of the adjacent owner in the same hollow twenty or thirty feet from where the still was found.

There was no contradiction of this testimony, no explanation, and the accused relies solely upon testimony as to his good character, his claim of innocence and denial of ownership, possession or knowledge of the location or existence of the still and materials.

This evidence raised an issue of fact, which was properly and fairly submitted to the jury by an instruction which sufficiently recognized his right to an acquittal, unless they believed him to be guilty of the actual possession beyond a reasonable doubt. When it is observed that the still which apparently had been operated there was only about 100 yards from his dwelling, was almost immediately at his corn field, was approached by a well defined path leading through his barnyard and from his dwelling, over which the still, furnace, barrels and their contents had apparently been carried, it is not surprising that the jury discredited his denials and were convinced of his actual possession and guilt.

The trial court committed no error in refusing to set aside their verdict.

[7] 3. Another assignment is that the court erred in sentencing the accused to work on the public roads in the State convict road force, if default is made in the payment of the fine, $50, assessed against him, and the costs, for an additional period of three months after the expiration of the period of confinement of one month which, as well as the fine of $50, is the punishment fixed by the verdict. It is claimed that there was no statute authorizing the additional sentence of three months at the time of the offense, and that the sentence is only authorized by the amendment, section $5\frac{1}{4}$, of the prohibition statute, Acts 1922, page 575,* and that this

---

*Sec. $5\frac{1}{4}$. Whenever a fine is prescribed for the violation of the laws for the enforcement of prohibition in this State, and such fine and the costs incident to the prosecution and conviction are not paid, the defendant shall be sentenced to the State convict road force for a period not less than three months nor more than six months, and if the law prescribes a jail sentence and such sentence is imposed, then the defendant shall be sentenced to the State convict road force for the period of such jail sentence, and for the additional period of not less than three months and not more than six months as herein provided."

amendment, if construed as applicable to offenses committed before it became effective, is *ex post facto* and void as to the accused.

We cannot agree with the contention that the accused, by this sentence, has been subjected to any punishment which was not fully authorized at the time his crime was committed.    Imprisonment for three months for failure to pay a fine of $50 has long been authorized by statute in Virginia.    Code, 1887, sec. 4075, and Code, 1919, sec. 4953.    It is true that before the amendment, section 5¼ of 1922, it would have been necessary to issue a *capias pro fine* if the defendant was not in custody, and this is no longer necessary, for the new act authorizes such a sentence at the time of the original conviction and sentence.    The new act as well as the previously existing statutes, however, are mere matters of procedure.    Again, Code 1919, sec. 2096, provides that when a male over eighteen years of age is convicted of a misdemeanor for which a sentence to serve in default of payment of fine is imposed, the judge before whom such case is tried may, in lieu of committing such person to jail, sentence him to a like period on the public roads.

[8, 9] The method of enforcing the collection of such fines is now made more simple and expeditious.    The actual punishment, however, is the fine, so that its payment, with the costs, relieves the defendant and discharges his obligation.    The Commonwealth has an interest in such fines, and after conviction may provide summary remedies for their collection.    This is all that is intended or accomplished by the new act.    It is not retroactive for it can only be applied to subsequent convictions.    It is not *ex post facto* because it does not increase the punishment itself, which is the fine.    As construed in this case, it does not authorize the deten-

tion of the accused for any longer period of time than he could have been detained under the statutes in force at the time of his offense.

In *Perry* v. *Commonwealth,* 3 Gratt. (44 Va.) 636, it is said that the words *ex post facto,* as used in the Constitution, "relate to crimes and punishments and not to criminal proceedings. They forbid the passage of any law which makes an action criminal which was lawful when it was performed. And not only laws which come directly within this definition, but such as inflict an existing punishment, which the accused would otherwise escape, are forbidden."

It is well established that the legislature may pass a remedial act, which in its effect may have a retrospective operation by way of relation to past events. It cannot be doubted that the State may control the remedies furnished in her courts, and the law in force in that respect at the time of trial must prevail. *Jones* v. *Commonwealth,* 86 Va. 664, 10 S. E. 1005.

This is said in Cooley's Constitutional Limitations (7th ed.), p. 381: "So far as mere modes of procedure are concerned, a party has no more right in a criminal than in a civil action to insist that his case shall be disposed of under the law in force when the act to be investigated is charged to have taken place. Remedies must always be under the control of the legislature, and it would create endless confusion in legal proceedings if every case was to be conducted only in accordance with the rules of practice and heard only by the courts in existence when its facts arose."

The statute challenged here, section $5\frac{1}{4}$, neither creates any new offense nor increases the punishment for pre-existing offenses. It only provides a more expeditious and simpler remedy for the collection of fines in prohibition cases, the imposition of which fines

as punishment had long been previously authorized. The change then is in the remedy and not in the punishment.    It cannot be fairly doubted that the Commonwealth may freely control and change such remedies for the enforcement of such penalties.

No accused person who discharges his obligation to pay a fine lawfully imposed need fear the new remedy, for it can only be enforced against those in default. When the accused has served his thirty day term, and paid his fine and the costs, he is entitled to be discharged from custody.    The new statute merely improves the remedy without depriving the accused of any vested right.

For the reasons indicated, the judgment will be affirmed.

*Affirmed.*