## 𝔚𝔶𝔱𝔥𝔢𝔳𝔦𝔩𝔩𝔢

### Hugh Tompkins v. Commonwealth.

June 21, 1923.

1, Intoxicating Liquors — *Unlawfully Manufacturing* — *Evidence Held Sufficient to Support Conviction*—*Case at Bar.*—A special policeman, having "news that this still was running," took a companion with him and found the still in operation. Three men were found there. Accused was sitting within a foot or two "from where the whiskey was running out." The evidence was not perfectly clear as to whether the accused attempted flight or not when the other men ran away. Accused testified that he had no interest in the still.

   *Held:* That the evidence justified the submission of the issue to the jury, and that their verdict was conclusive.

Error to a judgment of the Circuit Court of Lee county.

*Affirmed.*

The opinion states the case.

*D. F. Kennedy*, for the plaintiff in error.

*John R. Saunders*, Attorney General, *J. D. Hank, Jr.*, Assistant Attorney General, and *Leon M. Bazile*, Second Assistant Attorney General, for the Commonwealth.

Prentis, J., delivered the opinion of the court.

The accused has been convicted of unlawfully manufacturing ardent spirits. He is here assigning as error that the evidence is insufficient to support the conviction.

The evidence for the Commonwealth shows that a special policeman, having "news that this still was run-

ning," and acting upon this information, took a companion with him to the still and found it in operation. Three men were found there. One of them was lying between the still and the worm. Tompkins, the accused, was sitting on a candy bucket, one witness says about a foot, and another about a foot or eighteen inches, "from where the whiskey was running out." The evidence is not perfectly clear as to whether the accused ran. The officer and his companion were within thirty steps of the still when the other men ran. One of the witnesses says that he (Tompkins) had started, the other in one answer that he ran and in another, "Well, I don't know, he *may intended* to run." The accused thus testifies as to this: "About that time one of them said, 'There comes the officers.' He ran up the hill and I turned around on the bucket and one of these officers shot. It flew all over me. I had a gun and I said, 'Don't shoot this way, I am not going to run.' There was a little tree there and my intention was to get behind, and he said, 'Don't get behind that tree. Get out of there.' And he came up and got me." The accused further testifies that he knew, or thought, the still was there, and went to get a drink of liquor; that he saw the smoke when he went up the hill. That he had no interest in the still. About two gallons of whiskey were found there.

We think it only necessary to say that this evidence justified the submission of the issue to the jury, and that their verdict is conclusive here.

*Affirmed.*