### Wytheville

## J. L. WOOD, JR., v. COMMONWEALTH.

### June 21, 1923.

1. INTOXICATING LIQUORS—*Transporting—Evidence Sufficient to Sustain Verdict of Guilty—Case at Bar.*—In the instant case the evidence of the sheriff who arrested accused was to the effect that he saw a car with accused and another in it, on the north side of the river, at Speer's ferry, in Scott county; that he told them to wait until he ferried his own car over, and he would help them out. He heard them crank their car as if they were trying to start, which aroused his suspicion. He examined their car and found fourteen half-gallon fruit jars full of whiskey. One, or both, of the parties told him that it was their whiskey, which they had gotten above Dungannon, in Scott county, and were taking it to Bristol. Another witness confirmed the sheriff's testimony as to the finding of the whiskey in the car in the possession of the accused and his companion.

   *Held:* That the evidence was amply sufficient to support a conviction of accused.

2. INTOXICATING LIQUORS—*Sentence—State Convict Road Force—Acts 1922, Chapter 345, Section 5¼.*—Accused was found guilty of transporting liquor and his punishment was fixed at three months' imprisonment and to pay a fine of $250.00. He was accordingly sentenced, and in lieu of confinement in jail required to work on the State convict road force for three months, and for an additional three months, unless the fine and costs should be paid. It was contended that the court had no authority to sentence the accused to labor on the State convict road force for the additional three months, because the offense was committed before the amendment of the prohibition law (section 5¼, Acts 1922, p. 575) became effective.

   *Held:* On the authority of *Gilreath* v. *Commonwealth, ante,* p. 709, 118 S. E. 100, there was no merit in this contention.

Error to a judgment of the Circuit Court of Scott county.

*Affirmed.*

The opinion states the case.

*S. H. Bond* and *W. S. Cox*, for the plaintiff in error.

*John R. Saunders, Attorney General, J. D. Hank, Jr., Assistant Attorney General,* and *Leon M. Bazile, Second Assistant Attorney General,* for the Commonwealth.

PRENTIS, J., delivered the opinion of the court.

The accused has been convicted of unlawfully transporting ardent spirits.   His punishment has been fixed at three months' imprisonment and to pay a fine of $250.00.   He was accordingly sentenced, and in lieu of confinement in jail required to work on the State convict road force in Scott county for three months, and for an additional three months, unless the fine and costs incident to his prosecution shall be paid pursuant to the statute.

He claims that the judgment is contrary to the evidence.

[1] The evidence is that of the sheriff, which shows that he saw a car a little before daylight, on the north side of the river, at Speer's Ferry, in Scott county.   In this car he found two men, one of whom was the accused, both of whom seemed to be asleep.   "The car had gotten over the bank."   He told them to wait until he ferried his own car over and he would help them out. While the sheriff was gone he heard them crank their car, as if they were trying to start.   This aroused his suspicion, and when he returned he examined their car and found therein fourteen half-gallon fruit jars full of whiskey, and a suit case which was rather heavy but was not examined.   He arrested them and took possession of the car and whiskey.   One of the parties, or both, told him that it was their whiskey; that they had gotten it in above Dungannon, in Scott county, and

were going to take it to Bristol. Another witness who was with the sheriff confirmed his testimony as to the finding of the whiskey in the car in the possession of the accused and his companion. There was no other evidence offered. That it is amply sufficient to support the conviction is manifest.

[2] The only other error assigned is that the court had no authority to sentence the accused to labor on the State convict road force for the additional three months, because the offense was committed before the amendment to the prohibition law, section 5¼, Acts 1922, page 575, became effective. We have denied a similar contention in the case of *Gilreath* v. *Commonwealth, ante,* page 709, 118 S. E. 100, in an opinion announced today, and deny this for the same reasons which are there sufficiently stated.

*Affirmed.*