## Wytheville.

### LEWIS KILGORE v. COMMONWEALTH.

June 19, 1924.

1. INTOXICATING LIQUORS—*Unlawfully Manufacturing—Verdict of Guilty Held not Plainly Wrong.*—In the instant case, a prosecution for unlawfully manufacturing ardent spirits, the evidence was conflicting. If the jury had believed the testimony introduced on behalf of the defendant, that he went to the still merely for the purpose of securing some whiskey, they would have probably acquitted him. But, declining to believe his explanation of his presence at the still, and accepting as true the testimony of the Commonwealth and inferences to be drawn therefrom, they found him guilty.

   *Held:* That the verdict was not plainly wrong, and was sufficiently supported by the evidence, and could not be disturbed on appeal.

2. INTOXICATING LIQUORS—*Sentence and Punishment—Additional Time on State Road Force for Failure to Pay Fine.*—In the instant case, a prosecution for unlawfully manufacturing ardent spirits, the court sentenced accused to three months additional time on the State road force on his failure to pay fine and costs. The offense was committed before the amendment to the prohibition law (Acts of 1922, page 575, section 5¼) became effective, and accused contended that the court was without authority to sentence the accused to the three months additional time.

   *Held:* That the change in the law was in the remedy and not in the punishment, and that the Commonwealth could freely change the remedies for the enforcement of such penalties.

Error to a judgment of the Circuit Court of Scott county.

*Affirmed.*

The opinion states the case.

*S. H. Bond,* for the plaintiff in error.

*John R. Saunders, Attorney-General,* and *Leon M. Bazile* and *Lewis H. Machen, Assistant Attorneys-General,* for the Commonwealth.

WEST, J., delivered the opinion of the court.

Lewis Kilgore, who had been jointly indicted with William Grizzle, was convicted of unlawfully manufacturing ardent spirits and sentenced to pay a fine of $300.00 and to work on the public roads for the period of five months, in lieu of his confinement in jail, and also for an additional period of three months unless the fine and costs were paid pursuant to the statute.    That judgment is now under review.

The sheriff and his deputies raided a still in the woods, at night, in July or August, 1921.    Seeing the light under the still, the party divided, the sheriff coming up from one side and the deputies from the other.    As the sheriff approached, he saw the accused, who sat in front of the still, stir the fire and make it blaze up. The sheriff asked him where his partner was and he replied that he had no partner.    A few moments later William Grizzle rose up from behind some logs near by, where he appeared to have been sleeping.    The still was in full operation and singlings were running out of the still worm.    Beer, mash and vessels were found at the still, and the accused was somewhat intoxicated.

The officers arrested both Kilgore and Grizzle.    Upon his arrest Grizzle stated that the still did not belong to him, and that he was not interested in it.    Upon Kilgore's trial, Grizzle testified that the still belonged to him (Grizzle), and that Kilgore had just come there to get some whiskey and had nothing to do with it.    Kilgore also testified that he had no interest in the still,

and had come to get some whiskey, and had not been there over an hour.

The accused relies on two assignments of error:

1. The evidence is not sufficient to support the verdict of the jury.

2. The court was without authority to sentence the accused to three months additional time on the State road force, for his failure to pay the fine and costs.

[1] The evidence is conflicting. If the jury had believed the testimony introduced on behalf of the defendant, that he went there merely for the purpose of securing some whiskey, they would have probably acquitted him. But, declining to believe his explanation of his presence at the still, and accepting as true the testimony of the Commonwealth and inferences to be drawn therefrom, they found him guilty. The verdict is not plainly wrong, and is sufficiently supported by the evidence, and we cannot disturb it.     Code section 6363.

For similar cases in which the accused gave an account of his presence at the still, which, if true, was consistent with his innocence, but in which this court refused to disturb the verdicts of guilty, see *Tompkins v. Commonwealth,* 136 Va. 780, 117 S. E. 840; *Spencer v. Commonwealth,* 136 Va. 687, 116 S. E. 235; *Chandler v. Commonwealth,* 135 Va. 486, 115 S. E. 703.

[2] The remaining assignment, that the court had no authority to sentence the accused to labor on the State road force for the additional term of three months, because the offense was committed before the amendment to the prohibition law, section 5¼, Acts of 1922, page 575, became effective, has been heretofore passed upon adversely to the contention of plaintiff in error. *Gilreath v. Commonwealth,* 136 Va. 709, 118 S. E. 100, and *Wood v. Commonwealth,* 136 Va. 782, 118 S. E. 102.

Speaking for the court, in the *Gilreath Case, supra*, Judge Prentis says: "The statute challenged here, section 5¼, neither creates any new offense nor increases the punishment for pre-existing offenses. It only provides a more expeditious and simpler remedy for the collection of fines in prohibition cases, the imposition of which fines as punishment had long been previously authorized. The change then is in the remedy and not in the punishment. It cannot be fairly doubted that the Commonwealth may freely control and change such remedies for the enforcement of such penalties."

*Affirmed.*