# Wytheville.

## S. J. Parker v. Commonwealth.

### June 19, 1924.

1. Appeal and Error—*Intoxicating Liquors—Conflicting Evidence.*—In the instant case, a prosecution for the unlawful sale of ardent spirits, there was positive evidence that accused sold ardent spirits to one Reed.  The accused testified that he did not sell any spirits to Reed.

   *Held:*  That the jury's verdict of guilty was conclusive, and could not be disturbed on the ground that it was contrary to the evidence or without evidence to support it.

2. Intoxicating Liquors—*Witnesses—Admissibility of Rebuttal Evidence.*—In a prosecution for selling liquor, in answer to a question on cross-examination, a witness for accused testified that he had never been engaged in the liquor business with accused, nor on his own account, and had never run from certain deputy sheriffs.  The witness had contradicted the testimony of the principal witness for the Commonwealth, and his credibility was in issue.  The Commonwealth was permitted, over the objection of accused, to prove by the deputy sheriffs that this witness was one of a number of boys who had run from an officer, and that one of the boys had dropped a bottle of whiskey as they ran.

   *Held:*  That this evidence was so manifestly immaterial that it could not be said that it should be admitted for the purpose of showing bias on the part of the witness.  However, though it should not have been admitted, the verdict would not have been reversed for this error alone.

3. Intoxicating Liquors—*Reputation of Accused—Ex Post Facto Laws.*—Where defendant did not put his character in evidence, the Commonwealth could not, except by authority of section 73 of the prohibition act, which became a law on June 20, 1922 (chapter 345), introduce evidence of the general reputation of the accused as a violator of the prohibition act.  The evidence showed that the sale was made on some Sunday in June, 1922, but the day of the month did not appear.  Therefore, as the prosecution failed to prove that the offense alleged in the indictment was committed after the act of 1922 became effective, the general reputation of accused as a violator of the prohibition act was inadmissible.  To hold otherwise would be to violate section 58 of the Constitution of 1902, prohibiting the enactment of *ex post facto* laws.

Error to a judgment of the Circuit Court of Scott county.

*Reversed.*

The opinion states the case.

*W. S. Cox,* for the plaintiff in error.

*John R. Saunders, Attorney-General,* and *Leon M. Bazile* and *Lewis H. Machen, Assistant Attorneys-General,* for the Commonwealth.

WEST, J., delivered the opinion of the court.

S. J. Parker was convicted of unlawfully selling ardent spirits.

The indictment was returned in October, 1922, and charges that the alleged offense was committed "within twelve months next prior to the finding of this indictment, on the _____ day of _____ in the year one thousand nine hundred and twenty-two."

The evidence shows that the sale was made on some Sunday in June, 1922, but the day of the month does not appear.

The accused contends that the court erred in—

(1) Refusing to set aside the verdict;

(2) Admitting rebuttal evidence;

(3) Admitting evidence as to the general reputation of the accused as a violator of the prohibition law, and especially as to the general rumor in the country.

*First Assignment.*

[1] There was positive evidence that the accused sold ardent spirits to one Sam Reed. The accused testified

that he did not sell any whiskey to Reed.    The case went to the jury upon this conflict in the evidence.    The verdict is conclusive and we cannot disturb it, *on the ground that it is contrary to the evidence or without evidence to support it.    Tyler* v. *Railroad Co.*, 88 Va. 389, 13 S. E. 975; *Swindell* v. *Harper*, 51 W. Va. 381, 41 S. E. 117; *Tompkins* v. *Commonwealth*, 136 Va. 780, 117 S. E. 840; *Wood* v. *Commonwealth*, 136 Va. 782, 118 S. E. 102.

## *Second Assignment.*

[2] In answer to a question on cross-examination, Allen Blackard, a witness for the accused, testified that he had never been engaged in the liquor business with the accused, nor on his own account, and had never run from deputy sheriffs Hensley and Carter, or any other officers.    The Commonwealth was permitted, over the objection of the accused, to prove by Hensley and Carter, in rebuttal, that they were down at the river near Hilton and saw some boys who ran when they saw them; that they followed the boys and found a place where it appeared whiskey had been made; that one of the boys dropped a 'bottle of whiskey as they ran, and that Blackard was one of the boys.    Blackard had contradicted the testimony of the principal witness for the Commonwealth, and his credibility was in issue.

This evidence in rebuttal was so manifestly immaterial that it cannot be said it should be admitted for the purpose of showing bias on the part of the witness, and it should have been excluded.    We would not, however, for this error alone, reverse the case.

## *Third Assignment.*

[3] The defendant did not put his character in issue.

The Commonwealth could not, except by authority of section 73 of the prohibition act, which became a law on June 20, 1922 (chapter 345), introduce evidence of the general reputation of the accused as a violator of the prohibition law. The prosecution failed to prove that the offense alleged in the indictment was committed after the statute became effective, and the statute has no application to prosecutions for offenses committed before its enactment. To hold otherwise would be violative of section 58 of the Constitution, prohibiting the enactment of an *ex post facto* law.

For the foregoing reasons, and others assigned in *Culbertson* v. *Commonwealth*, 137 Va. 752, 119 S. E. 87, where the statute is construed, we are of opinion that the admission of the evidence complained of was prejudicial error.

The judgment will be reversed and the case remanded for a new trial, if the Commonwealth shall be so advised.

*Reversed.*