# Richmond.

## Leon M. Owens v. Commonwealth.

### January 20, 1927.

1. Intoxicating Liquor—*Automobiles—Driving Automobile while Under the Influence of Intoxicants—Instructions—Harmless Error—Case at Bar.*—In the instant case, a prosecution for driving an automobile while under the influence of intoxicants, defendant assigned as error an instruction that if the jury believed that accused was driving an automobile and while "so driving he was under the influence of intoxicants to such an extent that his ability to drive with safety to himself and others was thereby materially impaired, they should find the accused guilty as charged."

   *Held:* That while the instruction was erroneous because more favorable to the defendant than he was entitled to, yet the error was not prejudicial to the accused.

2. Intoxicating Liquor—*Automobiles—Driving Automobile while Under the Influence of Intoxicants.*—Section 25 of the prohibition act of 1924 (section 4675 [25] of the Code of 1924) provides that: "It shall be unlawful for any person to drive or run any automobile while under the influence of intoxicants." Under this provision the burden is not upon the Commonwealth to prove that, while he was driving an automobile, accused was under the influence of intoxicants to such an extent that his ability to drive with safety to himself and others was thereby materially impaired. The test to be applied, in a prosecution under section 25, is not merely the ability of the driver to operate the automobile with safety to himself and others, but whether or not he is under the influence of intoxicants at the time he is driving or running an automobile.

3. Intoxicating Liquors—*Automobiles—Driving Automobile while Under the Influence of Intoxicants—Questions of Law and Fact.*—Whether or not accused when driving an automobile was under the influence of intoxicants is a question for the jury.

4. Evidence—*Appeal and Error—Sustaining Objection to Questions—Expected Answer.*—Where the court sustained an objection of the Commonwealth's attorney to a question in order to show that the trial court erred, it was incumbent upon the defendant to make the record show the expected answer.

5. Evidence—*Appeal and Error—Sustaining Objection to Question—Expected Answer.*—In order to show that the trial court erred in rejecting an offer of evidence, or in excluding evidence, the bills of exception must show the materiality of the evidence tendered. Where a question is asked, and the witness is not permitted to answer, the bill of exceptions must show what the party offering the witness expected or proposed to prove by him. If the witness is permitted to answer, and the answer is excluded, it should show what the answer was. A judgment will not be reversed because evidence has been excluded or rejected by the trial court unless its materiality is made to appear.

6. Evidence—*Appeal and Error—Sustaining Objection to Question—Expected Answer—How Shown.*—Where an objection to a question is sustained the expected answer may be shown by avowal of counsel, but the better practice is to permit the witness to answer the question in the absence of the jury.

7. Exceptions, Bill of—*Necessity—Objection Noted to Question.*—The fact that counsel noted an exception to the ruling of the court in excluding evidence does not suffice. The only method by which the ruling of the court can be called in question is by a certificate, as provided by statute, or by a bill of exceptions.

8. Intoxicating Liquor—*Automobiles—Driving Car while Under Influence of Intoxicants—Question for Jury—Evidence Held Sufficient to Support Verdict of Guilty.*—In the instant case, a prosecution for driving an automobile while under the influence of intoxicants, a witness testified that defendant had been drinking. In the opinion of the police officer who arrested him, defendant was drunk. Defendant himself stated that he had taken two drinks on the afternoon of the accident. Whether or not defendant was under the influence of intoxicants was a question for the jury. They found the defendant guilty. The trial court sanctioned their verdict and on appeal the case stood as practically on a demurrer to the evidence.

*Held:* That the appellate court could not say that the verdict was without evidence to support it.

9. Intoxicating Liquor—*Automobiles—Autre Fois Acquit or Convict—Appeal and Error—Question Raised for First Time on Appeal—Case at Bar.*—In the instant case, a prosecution for driving an automobile while under the influence of intoxicants, defendant contended that because he had been tried upon a charge of being intoxicated and had been acquitted, under section 4775 of the Code of 1919, this was an adjudication of the question of driving an automobile while under the influence of intoxicants and barred the present prosecution.

*Held:* That under rule 22 of the Supreme Court of Appeals, the defendant could not for the first time raise this question on appeal. Moreover, it did not appear that accused was acquitted but merely that the warrant was dismissed.

10. Intoxicating Liquor—*Sentence and Punishment—Work on the Public Roads.*—In the instant case, a prosecution for driving an automobile while under the influence of intoxicants, the verdict of the jury was that accused should serve thirty days in jail. The court sentenced accused to serve his sentence on the State convict road force instead of in jail.

*Held:* That under section 38 of the prohibition act (section 4675 [38] of the Code of 1924) this was not error.

11. Intoxicating Liquor—*Sentence and Punishment—Working Out Fine and Costs on Convict Road Force.*—In the instant case the jury assessed accused punishment, for driving a car while under the influence of intoxicants, at thirty days in jail and a fine. The court added to accused's term six months on the convict road force if he failed to pay the fine assessed against him.

*Held:* That under section 8 of the prohibition act (section 4675 [8] of the Code of 1924) the imposition of the punishment here prescribed for the nonpayment of the fine and costs was expressly provided for.

Error to a judgment of the Corporation Court of the city of Norfolk.

*Affirmed.*

The opinion states the case. ·

*Venable, Miller, Pilcher & Parsons,* for the plaintiff in error.

· *John R. Saunders,* Attorney General, *Leon M. Bazile* and *Lewis H. Machen,* Assistant Attorneys General, for the Commonwealth.

Campbell, J., delivered the opinion of the court. ·

On the fifth day of October, 1925, the attorney for the Commonwealth filed in the Corporation Court of the city of Norfolk an information against the defendant, Leon M. Owens, as follows:

"Be it remembered that Thomas H. Willcox, Jr., attorney for the Commonwealth for the said city of

Norfolk, and who for the said Commonwealth prosecutes in this behalf, in his proper person comes into the said court on this the fifth day of October, in the year 1925, and upon the complaint in writing verified by the oath of R. A. Fine, a competent witness, gives the said court here to understand and be informed that Leon M. Owens on the 16th day of September, 1925, in the said city of Norfolk, did unlawfully run and drive an automobile while under the influence of intoxicants, against the peace and dignity of the Commonwealth of Virginia.''

A trial by jury was had, which resulted in a verdict of guilty, fixing the punishment of the defendant at thirty days confinement in jail and a fine of one hundred dollars. There was a motion to set aside the verdict and award the defendant a new trial on the grounds that the verdict was contrary to the law and the evidence. This motion was overruled and the court proceeded to enter the following judgment:

''This day came again the defendant, and also came the attorney for the Commonwealth, and the motion for a new trial, heretofore made on the 17th day of November, 1925, having been fully heard by the court, is overruled, to which action of the court in overruling said motion the defendant, by counsel, duly excepted. Whereupon it is considered by the court that the said defendant be sentenced on the State convict road force for the period of thirty days and fined the sum of one hundred dollars, and be required to pay the costs of his prosecution. It is further considered by the court that the said defendant be so confined on the State convict road force after he shall have served the said term of thirty days, until he shall have paid the fine and costs aforesaid, or is otherwise released by due process of law, provided, however, that such con-

finement shall not exceed six months, and which said six months confinement for the nonpayment of the fine and costs aforesaid shall be in addition to the term of thirty days as herein fixed.''

The evidence in the case may be summarized thus:

On the night of September 16, 1925, the accused, operating an automobile in the city of Norfolk, about eleven o'clock had a collision with an automobile driven by a man named Fine. At the time of the accident the accused had one Walden, who was very drunk, in his automobile. After the collision one Hoffheimer went to the scene, and, when testifying, stated that, although he did not know who drove the automobile, one of the occupants was very drunk, and the other drinking. The policeman who made the arrest testified that, in his opinion, the accused was drunk, although he could not define exactly what he meant by drunkenness, and that the man with him was very drunk.. The policeman further testified that he could not say whether or not the accused was so under the influence of liquor as to affect his ability to drive an automobile.

Charges of drunkenness were preferred against both the accused and Walden, and the next morning Walden was fined for being drunk. The charge of drunkenness against the accused was dismissed by the police justice, but the accused was sent on to the corporation court by the police justice on the charge of operating an automobile while under the influence of liquor.

The accused admitted driving the automobile, and that about three o'clock on the afternoon preceding the night on which the accident happened, he had taken two moderate sized drinks, but was not drunk. The accused was shown to have an excellent character.

[1-3] It is assigned as error that the court erred in

granting an instruction on behalf of the Commonwealth, reading as follows:

"The court instructs the jury that if they believe from the evidence beyond a reasonable doubt, that the accused, in the city of Norfolk, was driving an automobile and while so driving he was under the influence of intoxicants to such an extent that his ability to drive with safety to himself and others was thereby materially impaired, they should find the accused guilty as charged in the information and fix the punishment at confinement in jail for not less than thirty days and not more than one year and a fine of not less than $100.00 and not more than $1,000.00."

There is no merit in this assignment. The instruction complained of was more favorable to the defendant than he was entitled to. It should not have been given, as it placed the burden upon the Commonwealth of proving beyond every reasonable doubt that while the accused was driving the automobile he was under the influence of intoxicants to such an extent that his ability to drive with safety to himself and others was thereby materially impaired.

The prohibition law (Laws 1924, c. 407) does not place such a burden upon the Commonwealth. Section 25 of the law provides that: "It shall be unlawful for any person to drive or run any automobile * * * while under the influence of intoxicants * *." Therefore, the test to be applied in a prosecution under section 25, is not merely the ability of the driver to operate the automobile with safety to himself and others, but whether or not he is under the influence of intoxicants at the time he is driving or running an automobile, and this question is one of fact which must be determined by the jury.

[4, 5, 6] The second assignment of error relates to

the action of the court in sustaining the objection of the attorney for the Commonwealth to the following question propounded to the police justice by counsel for the defendant: "Who made the charge against the accused of operating an automobile while under the influence of liquor?"

This assignment is without merit.

In *Union Central Life Ins. Co.* v. *Pollard,* 94 Va. 146, 26 S. E. 421, 36 L. R. A. 271, 64 Am. St. Rep. 715, it is said: "In order to show that the trial court erred in rejecting an offer of evidence, or in excluding evidence, the bills of exceptions must show the materiality of the evidence tendered. Where a question is asked, and the witness is not permitted to answer, the bill of exceptions must show what the party offering the witness expected or proposed to prove by him. If the witness is permitted to answer, and the answer is excluded, it should show what the answer was. This is necessary because it may be that the witness had no knowledge upon the subject, or what he knew was irrelevant or immaterial. A judgment will not be reversed because evidence has been excluded or rejected by the trial court unless its materiality is made to appear. *Caperton* v. *Utz,* 4 Gratt. [45 Va.] 272; *Johnson's Ex'x* v. *Jennings,* 10 Gratt. [51 Va.] 17, 160 Am. Dec. 323; *McDowell's Ex'or* v. *Crawford,* 11 Gratt. [52 Va.] 387; *Martz* v. *Martz,* 25 Gratt. [66 Va.] 367; *Stoneman's Case,* 25 Gratt. [66 Va.] 887; *Continental Ins. Co.* v. *Kasey,* 25 Gratt. [66 Va.] at page 276, 18 Am. Rep. 681; *Beirne* v. *Rosser & Turner,* 26 Gratt. [67 Va.] 537, 547; *Valley Mut. Life Asso.* v. *Teewalt,* 79 Va. 421; *Taylor* v. *Commonwealth,* 90 Va. 110, 17 S. E. 812."

When the court sustained the objection to the question it was incumbent upon the defendant to make the record show the expected answer. This has sometimes

been done by avowal of counsel, but the better practice is to permit the witness to answer the question in the absence of the jury. In the instant case, the record fails to disclose the answer of the witness. All it shows is that when the court sustained the objection to the question, "counsel for the accused duly excepted."

[7] The fact that counsel noted an exception to the ruling of the court does not suffice. The only method by which the ruling of the court can be called in question is by a certificate, as provided by statute, or by a bill of exception.

In Burks' Pl. & Pr. (1st ed.) 514, it is said: "* * The noting at intervals in stenographic notes that objections to questions were made and overruled and exceptions taken, is not sufficient. There must be a bill of exception signed by the judge."

In this case, the action of the trial court in excluding the answer to the question "who made the charge?" is of little consequence, for the reason that the information filed by the attorney for the Commonwealth contained a statement that complaint was made by R. A. Fine. Fine was the owner of the automobile with which the defendant collided.

[8] The third assignment of error calls in question the action of the trial court in refusing to set aside the verdict of the jury.

The evidence of the witness, Hoffheimer, shows that the defendant had been drinking. In the opinion of the police officer, the defendant was drunk. The defendant himself states that he had taken two drinks on the afternoon of the accident. Whether or not the defendant was under the influence of intoxicants was a question for the jury. They have found the defendant guilty; the trial court has sanctioned their verdict; the case stands in this court as practically on a demurrer

to the evidence, and we cannot say the verdict is without evidence to support it.

[9] When this case was argued, counsel contended that the verdict was contrary to the provisions of section 4775 of the Code, because the accused had been tried by the police justice upon a charge of being intoxicated and had been acquitted and therefore this was an adjudication of the question of driving an automobile while under the influence of intoxicants.

The record fails to show a specific ruling of the court on the question. It does not appear either by order, bill of exceptions, certificate, or instructions, that the provisions of section 4775 were invoked in the manner required by Rule XXII of this court. This rule is as follows:

"*Procedure in Trial Courts—Objections—Effect on Appeal.*—In civil and criminal cases, all objections to writs of every kind, pleadings, instructions, notices, the admissibility of evidence, or other matters requiring a ruling or judgment of the trial court, shall state with reasonable certainty the ground of such objection, and unless it appears from the record to have been so stated, such objection will not be considered by this court except for good cause shown, or to enable this court to attain the ends of justice.

"Questions of venue in civil and criminal cases must be raised in the trial court before verdict in cases tried by a jury, or before judgment in all other cases. Venue, save in exceptional cases, cannot be raised thereafter, nor for the first time in this court."

This being true, the defendant, in the absence of good cause shown, cannot for the first time raise the question in the appellate court.

As a matter of fact, the record does not show that the

accused was acquitted, but merely shows that the warrant was dismissed. This action was taken, no doubt, by the justice in view of the provisions of section 4775. The charge of driving an automobile while under the influence of intoxicants being a more serious offense than being intoxicated, the justice dismissed the charge of which he had jurisdiction and sent the accused on to the corporation court to be tried for the major offense.

[10] Under the fourth assignment of error it is insisted that the trial court erred in sentencing the accused to serve his sentence on the State convict road force instead of in the jail, and also in adding an additional term of six months on the convict road force if he failed to pay the fine assessed against him. It is said that this is error; that the verdict of the jury was that the accused should serve thirty days in jail and pay a fine of $150.00.

There is no merit in this assignment of error.

Section 38 of the prohibition law provides: "Whenever a person is convicted under this act for an offense punishable by confinement in jail, he shall be required to work out his term of confinement on the public roads, unless the court shall be satisfied that his physical condition be such, upon the testimony of two reputable physicians after careful examination, as to make such work permanently injurious to his health."

There is no evidence that service on the State convict road force would be injurious to the health of the accused.

[11] With reference to the second point made, this is also without merit.

Section 8 of the prohibition law expressly provides for the imposition of the punishment here prescribed for the nonpayment of a fine and costs. This addi-

tional service as a member of the State convict road force can be escaped, however, by the payment of the fine and costs.

In *Gilreath* v. *Commonwealth*, 136 Va. 709, 118 S. E. 100, this court passed upon a similar assignment of error. Judge Prentis, delivering the opinion of the court, said: "Another assignment is that the court erred in sentencing the accused to work on the public roads in the State convict road force, if default is made in the payment of the fine, $50, assessed against him, and the costs, for an additional period of three months after the expiration of the period of confinement of one month which, as well as the fine of $50, is the punishment fixed by the verdict.   *   *   *

"We cannot agree with the contention that the accused, by this sentence, has been subjected to any punishment which was not fully authorized at the time his crime was committed. Imprisonment for three months for failure to pay a fine of $50 has long been authorized by statute in Virginia, Code 1887, section 4075, and Code 1919, section 4953. It is true that before the amendment, section 5¼ of 1922, it would have been necessary to issue a *capias pro fine* if the defendant was not in custody, and this is no longer necessary, for the new act authorized such a sentence at the time of the original conviction and sentence. The new act as well as the previously existing statutes, however, are mere matters of procedure. Again, Code 1919, section 2096, provides that when a male over eighteen years of age is convicted of a misdemeanor for which a sentence to serve in default of payment of fine is imposed, the judge before whom such a case is tried may, in lieu of committing such person to jail, sentence him to a like period on the public roads."

This decision has been approved in *Wood* v. *Com-*

*monwealth,* 136 Va. 782, 118 S. E. 102, and in *Kilgore* v. *Commonwealth,* 139 Va. 581, 123 S. E. 534.

The last assignment of error relates to the action of the court in refusing to give instruction "C" offered by the defendant, and in giving in lieu thereof instruction "C" as modified.

Without setting forth these two instructions, we are of the opinion, for the reasons stated in discussing the first assignment of error, that both the instruction refused and the one granted were erroneous and should not have been given.

We are of the opinion that the judgment of the trial court is correct and should be affirmed.

*Affirmed.*