COURT OF APPEALS OF VIRGINIA

Present:  Chief Judge Fitzpatrick, Judges Baker and Bray
Argued at Norfolk, Virginia


DARRELL A. SMITH
                                MEMORANDUM OPINION[*] BY
v.          Record No. 0972-97-1      JUDGE RICHARD S. BRAY
                                     MARCH 24, 1998
COMMONWEALTH OF VIRGINIA

            FROM THE CIRCUIT COURT OF THE CITY OF NORFOLK
                    Junius P. Fulton, III, Judge

            John R. Doyle, III, for appellant.

            Eugene Murphy, Assistant Attorney General
            (Richard Cullen, Attorney General, on brief),
            for appellee.


    On February 13, 1997, a jury convicted Darrell A. Smith

(defendant) of second-degree murder, attempted first-degree

murder, and the related use of a firearm in the commission of

such offenses.  On appeal, defendant complains that the trial

court erroneously refused to permit cross-examination of a

Commonwealth witness with respect to possible bias.  Finding no

error, we affirm the convictions.

    The parties are fully conversant with the record, and this

memorandum opinion recites only the dispositive facts.

    The evidence established that Cecil Manley was the target

of an April 1, 1996 attack by defendant and two accomplices, each

brandishing a firearm.  Manley escaped, safely hiding himself

while his assailants searched the area, randomly discharging

---

        [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

their weapons.  A bullet fired by one among the trio entered a nearby house, struck and killed three-year-old Taylor R. Ricks.

Prior to trial of the subject indictments, the Norfolk Commonwealth Attorney's office (prosecutor) nolle prossed unrelated murder charges then pending against Manley.  In anticipation of Manley's testimony in the instant trial, defendant's counsel thereafter moved the court to allow him to explore through cross-examination of Manley any relationship between the <u>nolle</u> <u>prosequi</u> and Manley's impending trial testimony.

During a pretrial hearing on defendant's motion, the prosecutor explained that the <u>nolle</u> <u>prosequi</u> resulted from acquittals of others similarly charged, together with the assessment that "we had the weakest case [against Manley] to start with . . . and other weaknesses in our evidence . . . ." The prosecutor also disclaimed "any type of [plea] agreement with Mr. Manley" or "any discussion . . . bearing upon him testifying in this particular case."  Based upon this unilateral avowal by the prosecutor, unchallenged by defendant, the court found "no connection between the nol-pros . . . and [Manley's] cooperation and testimony . . . against defendant" and denied defendant's motion.  <u>See</u> <u>Stewart v. Commonwealth</u>, 10 Va. App. 563, 568, 394 S.E.2d 509, 512 (1990) (unchallenged unilateral avowal of counsel may constitute sufficient proffer).

"'When cross-examination is limited by the court and the

accused challenges the court's ruling on appeal, he or she must make a proper proffer of the excluded testimony,'" <u>McGann v. Commonwealth</u>, 15 Va. App. 448, 451, 424 S.E.2d 706, 708 (1992) (quoting <u>Stewart</u>, 10 Va. App. at 568, 394 S.E.2d at 512), "otherwise, the appellate court has no means of determining if the evidence is material or . . . admissible." <u>Speller v. Commonwealth</u>, 2 Va. App. 437, 440, 345 S.E.2d 542, 545 (1986) (citation omitted). Thus, we "will not consider an error assigned to the rejection of testimony unless such testimony has been . . . made a part of the record." <u>Id.</u> (citing <u>Whittaker v. Commonwealth</u>, 217 Va. 966, 969, 234 S.E.2d 79, 81 (1977)); <u>see also</u> <u>Owens v. Commonwealth</u>, 147 Va. 624, 631, 136 S.E. 765, 767 (1927) (simply noting counsel's exception is insufficient).

Here, defendant clearly failed to make a proffer for the record of Manley's responses to the proposed cross-examination, and we decline defendant's invitation to find error upon speculation that the "situation created bias in Manley's mind to gain favor with the [prosecutor's] office" "in a way that affected the nature of his testimony." As defendant acknowledged on brief, "[w]e . . . do not know what Manley's response would have been." Accordingly, we affirm the convictions.

<u>Affirmed.</u>