COURT OF APPEALS OF VIRGINIA

Present:  Chief Judge Fitzpatrick, Judges Willis and Bumgardner
Argued at Salem, Virginia


JAMES EDWARD HORSLEY
                                    MEMORANDUM OPINION* BY
v.          Record No. 2925-97-3    JUDGE JERE M. H. WILLIS, JR.
                                        DECEMBER 22, 1998
COMMONWEALTH OF VIRGINIA


                FROM THE CIRCUIT COURT OF THE CITY OF LYNCHBURG
                        Richard S. Miller, Judge

            Craig P. Tiller (Davidson, Sakolosky &
            Moseley, P.C., on briefs), for appellant.

            Daniel J. Munroe, Assistant Attorney General
            (Mark L. Earley, Attorney General, on brief),
            for appellee.


        On appeal from his conviction for two counts of rape, in

violation of Code § 18.2-61, and one count of taking indecent

liberties with a minor while in a custodial or supervisory

relationship, in violation of Code § 18.2-370.1, James Edward

Horsley contends that the trial court erred in excluding evidence

of a statement by the complaining witness concerning prior sexual

conduct between the complaining witness and a third party.

Because Horsley failed to proffer the statement sufficiently, we

affirm the judgment of the trial court.

        Horsley cared for the victim child while her mother was

incarcerated.  The child reported multiple instances of sexual

assault by Horsley.  A medical examination revealed evidence of

_____

        *Pursuant to Code § 17.1-413, recodifying Code § 17-116.010,
this opinion is not designated for publication.

repeated sexual penetration and disclosed that the child had contracted trichomoniasis, a sexually transmitted disease.

At an evidentiary hearing under Code § 18.2-67.7, the rape shield statute, Horsley sought to introduce evidence that he contended would "provide an alternative explanation for physical evidence of physical injury to the complaining witness's intimate parts." See Code § 18.2-67.7. At the hearing, Horsley sought to introduce evidence that the child had complained of an incident involving a young male neighbor. He contended that the statement, given just after the alleged incident occurred, was an excited utterance. The trial court rejected the statement, ruling that it was hearsay. Horsley contends on appeal that the statement sought was admissible as an excited utterance and that it would have explained the medical finding that the victim had been sexually penetrated. Because we cannot determine that the evidence sought would have satisfied the admissibility requirements of the rape shield statute, we affirm the trial court's refusal to admit that statement into evidence.

## II. INSUFFICIENT PROFFER OF STATEMENTS

When asked to proffer the statement to the trial court, Horsley's counsel stated:

> Judge, what I think the witness would say would be to rebut what Quanisha just testified to. I think that she would testify that the girl ran in and made a statement to her that they were under the porch and that the boy was having some contact with her, more than what she described with the clothes fully on.

The rape shield statute is specific in its exceptions. Horsley's proffer failed to demonstrate that the statement would have explained the medical finding that the victim had been sexually penetrated. Without knowing what the witness would have said, we cannot rule that the evidence sought would have fit within an exception to the statute.

"'When [witness examination] is limited by the court and the accused challenges the court's ruling on appeal, he or she must make a proper proffer of the excluded testimony,'" McGann v. Commonwealth, 15 Va. App. 448, 451, 424 S.E.2d 706, 708 (1992) (quoting Stewart v. Commonwealth, 10 Va. App. 563, 568, 394 S.E.2d 509, 512 (1990)), "otherwise, the appellate court has no means of determining if the evidence is material or . . . admissible." Speller v. Commonwealth, 2 Va. App. 437, 440, 345 S.E.2d 542, 545 (1986) (citation omitted). Thus, we "will not consider an error assigned to the rejection of testimony unless such testimony has been . . . made a part of the record." Id. (citing Whittaker v. Commonwealth, 217 Va. 966, 969, 234 S.E.2d 79, 81 (1977); see also Owens v. Commonwealth, 147 Va. 624, 631, 136 S.E. 765, 767 (1927).

Horsley's proffer was unclear and insufficient. It made no showing that the testimony sought was admissible under Code § 18.2-67.7. We decline Horsley's invitation to find error upon

speculation that the witness' testimony would have been admissible under the exceptions to the rape shield statute. Accordingly, we affirm the judgment of the trial court.

<u>Affirmed.</u>