# 𝕽𝖎𝖈𝖍𝖒𝖔𝖓𝖉

### Rochell W. Walke v. Dallas, Inc.

June 10, 1968.

Record No. 6690.

Present, Buchanan, Snead, I'Anson, Carrico, Gordon and Harrison, JJ.

*Palmer S. Rutherford, Jr.* (*Rixey and Rixey,* on brief), for plaintiff in error.

*Edward L. Breeden, III* (*Breeden, Howard & MacMillan,* on brief), for defendant in error.

Buchanan, J., delivered the opinion of the court.

The only question presented in this case is whether §§ 8-81.1 through 8-81.5, Title 8, Chapter 4.1 of the Code of Virginia, 1966 Cum. Supp., sometimes referred to as "the long arm statutes," may be applied retroactively.

On October 1, 1965, Rochell W. Walke, plaintiff, filed in the court below a motion for judgment against Dallas, Inc., of High Point, North Carolina, a foreign corporation, and Southern Railway Company, for damages for personal injury.

The motion alleged that on or about November 4, 1963, the plaintiff was engaged in unloading from a boxcar in Norfolk cartons of furniture which had been loaded therein by Dallas, Inc., so negligently

that upon the opening of the doors the cartons of furniture fell from the boxcar and struck and injured the plaintiff. On demurrer the Railway Company was dismissed and it is not a party to this appeal.

Process against Dallas, Inc., was served on the clerk of the State Corporation Commission under § 8-60 of the Code, but the service was quashed by order entered March 3, 1966, reciting that no facts were shown to make it a valid service and leave was granted plaintiff to have alias process issued.

Plaintiff then attempted to serve process against Dallas under the provisions of the long arm statutes, but service again was quashed by order of August 5, 1966, as not being on the proper statutory agent, but under leave granted process was again issued and served on August 10, 1966. By order entered November 25, 1966, the court quashed this service, on the ground that the provisions of the long arm statutes could not be applied retroactively. The effect of this ruling was that the plaintiff could not maintain his action in Virginia because of inability to serve process on the defendant. The validity of that ruling is the only question now before us on this writ of error.

Plaintiff's cause of action, as stated, was alleged to have occurred in November, 1963. His motion for judgment was filed October 1, 1965. Chapter 4.1 of Title 8 of the Code, containing the long arm statutes, was enacted at the 1964 session of the General Assembly and became effective June 26, 1964, nearly eight months after plaintiff's alleged cause of action arose.

Section 8-81.2 (a) provides that:

"(a) A court may exercise personal jurisdiction over a person, who acts directly or by an agent, as to a cause of action arising from the person's

\* \*

"(3) Causing tortious injury by an act or omission in this State;

"(4) Causing tortious injury in this State by an act or omission outside this State if he regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in this State;

\* \* "

Other sections provide for the service of process and venue.

An extensive article on these statutes appears in 51 Virginia Law Review beginning at page 719, and subsections (3) and (4) are dis-

cussed beginning at page 744. The author there says that these subsections are based upon the "tortious act" section of the Illinois statute. He states:

> " * * However, the Illinois statute is typical of other state 'long arm' statutes which have only one 'tortious act' section, providing for jurisdiction over a person as to a cause of action arising from 'the commission of a tortious act within this State.' * * " *

In *Nelson* v. *Miller*, 11 Ill.2d 378, 143 N.E.2d 673, the "tortious act" for which the suit was brought occurred before the amendment to the Illinois Civil Practice Act, which in § 17 (1) (b) provided for action against a nonresident for "The commission of a tortious act within this State". The defendant contended that the new provisions of the statute could not be applied to him "because the cause of action arose before the effective date of the provisions authorizing extraterritorial service on nonresident defendants." 11 Ill.2d at 382, 143 N.E.2d at 675. But the court held that the new statute should be applied retroactively for the reasons stated in its recent decision in *Ogdon* v. *Gianakos*, 415 Ill. 591, 597, 114 N.E.2d 686, 690, where it was said:

> "The law applicable in the State of Illinois is that there is no vested right in any particular remedy or method of procedure, and that, while generally statutes will not be construed to give them a retroactive operation unless it clearly appears that such was the legislative intent, nevertheless, when a change of law merely affects the remedy or law of procedure, all rights of action will be enforceable under the new procedure without regard to whether they accrued before or after such change of law and without regard to whether the suit has been instituted or not, unless there is a saving clause as to existing litigation. * * "

---

\* At page 748 the author expresses the view that "The Virginia and uniform acts, unlike the Illinois 'tortious act' provision, have separated *act* from *injury*, and the essential element of subsection (3) is the *causal act*. Neither injury nor damage can be construed to be 'an act or omission in this State.' Thus, subsection (3) is concerned with injury only to the extent that the act or omission must be one which causes injury. Furthermore, of even greater significance is the existence of subsection (4), with its requirement that defendant have some regularity or substantiality of contact with the state. If jurisdiction in the *Gray* situation [*Gray* v. *American Radiator & Standard Sanitary Corp.*, 22 Ill.2d 432, 176 N.E.2d 761], where the act was outside the forum and injury occurred within, could be based upon subsection (3), it would obviate any reason for the existence of subsection (4). Such is clearly not the intent of the legislature."

In *Simonson* v. *International Bank*, 14 N.Y.2d 281, 284, 290, 200 N.E.2d 427, 428, 432, it was held that the new Civil Practice Law and Rules "enlarging the bases for acquiring personal jurisdiction over foreign corporations and nonresident persons" had retroactive effect "to the extent of embracing suits instituted after its effective date but based on previously accrued causes of action." See also *Safeway Stores, Inc.* v. *Shwayder Bros., Inc.*, 238 Ark. 768, 384 S.W.2d 473.

The Virginia long arm statutes are remedial only and do not disturb vested rights or create new obligations; they merely supply a remedy to enforce an existing right. The cause of action here asserted was in being when the statutes were adopted and their only purpose and effect were to give to the courts of this Commonwealth jurisdiction to hear and decide a cause of action of the kind described in the statutes against a nonresident defendant.

In 50 Am. Jur., Statutes, § 482, p. 505, it is explained that a retrospective law, in a legal sense, is one which takes away or impairs vested rights, or creates a new obligation and imposes a new duty.

"Hence, remedial statutes, or statutes relating to remedies or modes of procedure, which do not create new or take away vested rights, but only operate in furtherance of the remedy or confirmation of rights already existing, do not come within the legal conception of a retrospective law, or the general rule against the retrospective operation of statutes. To the contrary, statutes or amendments pertaining to procedure are generally held to operate retrospectively, where the statute or amendment does not contain language clearly showing a contrary intention. * * Sometimes, the rule is stated in the form that, when a new statute deals with procedure only, prima facie, it applies to all actions—those which have accrued or are pending and future actions. * * "

So it is said in 82 C.J.S., Statutes, § 421, p. 996, that "As a general rule statutes relating to remedies and procedure are given a retrospective construction."

And in *Link* v. *Receivers of Seaboard Air Line Ry. Co.*, 4 Cir., 73 F.2d 149, 151, it is stated that "statutes relating to practice and procedure generally apply to pending actions and those subsequently instituted, although the cause of action may have arisen before." The statute there dealt with was held not to be retroactive because "these are not mere procedural provisions of statutes with which we are dealing."

In *Duffy* v. *Hartsock*, 187 Va. 406, 416, 46 S.E.2d 570, 574, we said:

> "Though contractual rights may not be impaired or vested property interest destroyed, mere matters of procedure and remedy for their enforcement and preservation may, at the will of the legislature, be altered, curtailed, or repealed, so long as reasonable opportunity and time are afforded to enforce and preserve such rights and interests."

In *Gilreath* v. *Commonwealth*, 136 Va. 709, 716, 118 S.E. 100, 102, Judge Prentis wrote:

> "It is well established that the legislature may pass a remedial act, which in its effect may have a retrospective operation by way of relation to past events. It cannot be doubted that the State may control the remedies furnished in her courts, and the law in force in that respect at the time of trial must prevail. * * *"

We do not overlook or overrule the statement in *Phipps, Adm'r* v. *Sutherland*, 201 Va. 448, 452, 111 S.E.2d 422, 425, that the generally accepted rule is that "statutes of limitation, or remedial statutes, are not retrospective in their application in the absence of clear legislative intent." But the statutes here involved are not of the type to which that rule applies. They create no new cause of action and take away no existing right or remedy. They only provide a forum for asserting an existing right, with respect to which, as stated in *Gilreath*, the law in force at the time of the trial must prevail.

We hold that the Virginia long arm statutes, contained in the Code sections above referred to, are applicable to the causes of action described in § 8-81.2 which arose before as well as those which arise after the enactment of the statute.

The judgment appealed from is therefore reversed and the cause is remanded to the court below for further proceeding.

*Reversed and remanded.*