**ESTATE OF Floyd M. ARMENTROUT, Lawrence L. Armentrout, Administrator, Plaintiff,**

v.

**INTERNATIONAL HARVESTER CO., Defendant.**

Civ. A. No. 81–0233(L).

United States District Court, W. D. Virginia.

Sept. 16, 1982.

W. T. Robey, III, Michael S. Irvine, Buena Vista, Va., Ronald H. Schneider, Schneider, Nesser, Beccue, Willmar, Minn., William Horkan, Donald L. Bowman, Bowman, Horkan & Berry, Fairfax, Va., for plaintiff.

William B. Poff, Woods, Rogers, Muse, Walker & Thornton, Roanoke, Va., Aubrey M. Daniel, III, Williams & Connolly, Washington, D.C., for defendant.

## MEMORANDUM OPINION

TURK, Chief Judge.

Plaintiff, Estate of Floyd M. Armentrout, Lawrence L. Armentrout, Administrator instituted this diversity action[1] against International Harvester Company on November 24, 1981,[2] alleging defective design, manufacture and marketing of defendant's 1958 model 350 utility tractor, breach of express and implied warranties relative thereto and negligent failure to give notice of design defects in the tractor of which defendant knew or ought to have known. The plaintiff seeks both compensatory and punitive damages. After answering and specifically raising as one defense, among others, that punitive damages are not recoverable in Virginia wrongful death actions which arose in 1981, the defendant moved for partial summary judgment as to plaintiff's claims for punitive damages.

Defendant argues that the amendment to section 8.01–52 of the Virginia Code, which specifically allows for the recovery of punitive damages, became effective on July 1, 1982 and should not be applied retroactively. On the other hand, plaintiff contends that 1) the 1982 amendment did not signal a new direction in the law but that it merely codified existing law and 2) the 1974 amendment to the Virginia Death by Wrongful Act Statute[3] eliminated the bar to punitive damages.

1. Jurisdiction is based on 28 U.S.C. § 1332.

2. The plaintiff's decedent died on July 14, 1981.

3. Applicable sections of 1974 amendment to 1974 Death by Wrongful Act Statute are set forth in footnote 8, *infra*.

4. Va.Code § 8.01–52 provides, in pertinent part, the following
The jury or the court, as the case may be, in any such action under § 8.01–50 may award such damages as to it may seem fair and just. The verdict or judgment of the court trying the case without a jury shall include, but may not be limited to, damages for the following:
   1. Sorrow, mental anguish and solace which may include society, companionship, comfort, guidance, kindly offices and advice of the decedent;
   2. Compensation for reasonably expected loss of (i) income of the decedent and (ii) serv-

The issue of whether punitive damages are recoverable in a wrongful death action, which arises prior to explicit legislative authorization, is one of first impression in this state. Where an issue relative to a state statute has not been addressed by that state's courts, the federal court must exercise its independent judgment as to how the state supreme court would resolve that issue. *Fox v. Ford Motor Co.*, 575 F.2d 774 (10th Cir. 1978).

*Retroactive Effect of the 1982 Amendment*

The General Assembly of Virginia during its 1982 Regular Session amended section 8.01–52[4] of the Virginia Code to allow recovery of punitive damages in wrongful death actions where death resulted from wilful or wanton conduct. This amendment became effective on July 1, 1982.[5] To ascertain whether the 1982 amendment should apply retrospectively to the plaintiff's claims, basic principles of statutory construction must be examined.

As a general rule, statutes are presumed to be prospective in application. To overcome this presumption, there must be a clear and unequivocal expression by the legislature that it intends the statute be given retroactive operation. 73 Am.Jur.2d Statutes § 350 (1974); 22 Am.Jur.2d Death § 7 (1965). Virginia law does not differ. *See Martin v. Bankers Trust Co.*, 417 F.Supp. 923 (W.D.Va.1976), *aff'd*, 565 F.2d 1276 (4th Cir. 1977); *Ferguson v. Ferguson*, 169 Va. 77, 192 S.E. 774 (1937).

ices, protection, care and assistance provided by the decedent;
   3. Expenses for the care, treatment and hospitalization of the decedent incident to the injury resulting in death;
   4. Reasonable funeral expenses; and
   5. Punitive damages may be recovered for wilful or wanton conduct, or such recklessness as evinces a conscious disregard for the safety of others.
Va.Code § 8.01–52 (Michie Supp. 1982).

5. All acts of the 1982 General Assembly became effective on July 1, 1982, unless otherwise designated in the act itself. The legislature did not designate a different effective date in the act itself. *See Digest of Acts of the General Assembly of Virginia 1982 Sessions*, Preface (1982).

■ The addition of punitive damages as an allowable element of a wrongful death action constitutes a major change in both the effect and purpose of the Virginia Death by Wrongful Act statute. To retroactively apply such a significant change [6] in the law without an explicit legislative directive, this court would be ignoring an established rule of statutory construction as well as tampering with parties' vested rights and incurred obligations as they existed under the then existing law. The failure of the Virginia General Assembly to expressly make the 1982 amendment to Section 8.01–52 retroactive clearly indicates that the legislature did not intend the statutory amendment to be so applied. *Accord Smith v. Mercer,* 276 N.C. 329, 172 S.E.2d 489 (1920).[7] This court will not infer or supply such intention in the face of legislative silence. *See e.g. Martin v. Bankers Trust Co., supra.* Moreover, this court will neither ignore established rules of statutory construction nor disturb vested rights and established liabilities as became attached under the 1981 version. Accordingly, the 1982 amendment to Section 8.01–52 will not be given retroactive effect.

*Punitive Damages Recoverable Under the 1974 Version*

■ Plaintiff contends that punitive damages were allowed as an element of wrongful death actions prior to enactment of the 1982 amendment. Consequently, the question of whether the 1982 amendment should be given retroactive effect is not dispositive of the issue before the court. In addressing the merits of plaintiff's contention, the general objectives as announced by the legislature and understood by the Virginia courts must be analyzed. Plaintiff specifically contends that the Virginia legis-

lature in 1974 revised the Death by Wrongful Act Statute thereby authorizing the recovery of punitive damages in wrongful death actions. That 1974 revision states, in relevant part, that

> The jury in any such action may award such damages as to it may seem fair and just, and may direct in what proportion they shall be distributed to the surviving spouse, children, and grandchildren of the deceased, or if there be none such, then to the parents, brothers and sisters of the deceased. As to members of the same class, the jury shall have discretion as to who shall receive the whole or any part of the recovery.
>
> The verdict of the jury shall include, but may not be limited to, damages for the following: a) sorrow, mental anguish and solace which may include society, companionship, comfort, guidance, kindly offices and advise of the decedent; b) compensation for reasonably expected loss of i) income of the decedent, and ii) services, protection, care and assistance provided by the decedent; c) expenses for the care, treatment and hospitalization of the decedent incident to the injury resulting in death; and d) reasonable funeral expenses. . . .
>
> This section shall apply only to causes of action arising after July one, nineteen hundred seventy-four.

Va.Code § 8–636.1 (as enacted by the General Assembly of Virginia in 1974). Although no Virginia court decisions have expressly considered whether the above amendment to the act authorized punitive damages, there is no question as to the position in Virginia on the recovery of punitive damages in wrongful death actions which arose prior to the 1974 revisions.

**6.** While a statute which alters procedures or supplies remedies for enforcing an existing right may be given retrospective effect, *see generally Walke v. Dallas, Inc.,* 209 Va. 32, 161 S.E.2d 722 (1968), there must still be some indication that the legislature enacting the statutory change intends it be given such operation. The 1982 General Assembly has not indicated that it intended the amendment to operate retrospectively. Therefore, even if the

amendment is considered remedial, this court will not apply it in cases arising prior to its effective date. *See also Ferguson v. Ferguson,* 169 Va. 77, 192 S.E. 774 (1937).

**7.** The North Carolina legislature, however, had expressly stated in the amendment allowing punitive damages that it would not apply to litigation pending on its effective date. *Smith v. Mercer, supra.*

The leading case in Virginia on the question of punitive damages in a wrongful death action is *Wilson v. Whittaker,* 207 Va. 1032, 154 S.E.2d 124 (1967). In *Wilson,* the Supreme Court of Virginia held that there "could be no recovery of punitive damages in an action for wrongful death under our statute." *Id.* at 1038, 154 S.E.2d at 129.[8] That court found that "[t]he object of the (1964 Death by Wrongful Act Statute) is to compensate these beneficiaries for their loss occasioned by the decedent's death." *Id.* at 1036, 154 S.E.2d at 128. "Its purpose was not to punish the wrongdoer." *Id.* at 1038, 154 S.E.2d at 129. The court continued to state that "[i]f the General Assembly had intended that punitive damages might be recovered, it could have specifically provided for such damages." *Id.* at 1038, 154 S.E.2d at 129.

"Punitive damages 'are not compensation for injury. Instead, they are private fines levied by civil juries to punish reprehensible conduct and to deter its future occurrence.'" *International Brotherhood of Electrical Workers v. Foust,* 442 U.S. 42, 48, 99 S.Ct. 2121, 2125, 60 L.Ed.2d 698 (1979) (quoting *Gertz v. Robert Welch, Inc.,* 418 U.S. 323, 94 S.Ct. 2997, 41 L.Ed.2d 789 (1974)). Permitting the recovery of punitive damages, after the Virginia Supreme Court's pronouncement in *Wilson,* would signal a major change in the objectives of the wrongful death statute. The legislature's revision of the statutory language to "shall include, but may not be limited to" does not sufficiently signal to this court that such a change was intended. Indeed, a Virginia Supreme Court commented in 1981 that "the general objectives of the wrongful death statute [have] not been changed and [are] stated in *Wilson." Cassady v. Martin,* 220 Va. 1093, 266 S.E.2d 104 (1980). *See also O'Connor v. Several Unknown Correctional Officers,* 523 F.Supp. 1345 (E.D. Va. 1981). Alternatively, the amendatory language of the 1974 statutes can only be interpreted to indicate the legislature's intent that the enumerated elements listed as recoverable damages were not meant to exclude other factors a jury could consider in arriving at compensation for the beneficiary's loss. *Accord Huff v. White Motor Corp.,* 609 F.2d 286 (7th Cir. 1979). In conclusion, the 1974 revision of the Virginia Death by Wrongful Act Statute did not allow punitive damages.

Accordingly, the defendant's Motion for Partial Summary Judgment will be granted and punitive damages will not be allowed as damages recoverable.

**8.** The statute construed by the *Wilson* court read as follows:

"The jury in any such action may award such damages as to it may seem fair and just, not exceeding twenty-five thousand dollars, and may direct in what proportion they shall be distributed to the surviving widow or husband and children and grandchildren of the deceased, or if there be none such, then to the parents, brothers and sisters of the deceased. Nothing shall be apportioned to the parents, brothers and sisters of the deceased, if there be a surviving widow or husband, children or grandchildren, but between members of the same class the jury shall have absolute discretion as to who shall receive the whole or any part of the recovery."

Va.Code § 8–636 (1964 version).

The *Wilson* court also opined what damages were recoverable under the then existing statute:

It is now well settled by a long line of Virginia decisions that damages may be awarded not only for the pecuniary loss sustained by the statutory beneficiaries (including the probable earnings of the deceased for the duration of his life expectancy in view of his health, age, business capacity, and experience) but also for loss of deceased's case, attention and society, as well as such sum as the jury may deem fair and just as a solatium to the beneficiaries for their sorrow and mental anguish caused by the death.

*Wilson v. Whittaker,* 207 Va. at 1037, 154 S.E.2d at 128.