## CIRCUIT COURT OF THE CITY OF RICHMOND

Sherrie T. Smith
and Louis C. Smith

    v.

Chrysler Corp.,
Sam Dell Chrysler-Plymouth Corp.,
and Sovran Bank, N/A

September 5, 1985

Case No. LJ 10-1

By JUDGE MELVIN R. HUGHES, JR.

In this case, plaintiffs have brought an action against an automobile manufacturer, an automobile dealer and a bank, alleging defects in a new automobile they purchased in August, 1983.

Defendant manufacturer has moved to dismiss Count I of plaintiffs' Motion for Judgment on the ground that plaintiffs cannot avail themselves of any right or remedy in the Virginia Motor Vehicle Warranty Act (also known as the Lemon Law, the Act) since the date of delivery of the automobile, August 8, 1983, occurred prior to the effective date of the Act, July 1, 1984. Defendant automobile dealer has demurred to all counts based on the Act on the same ground and on the ground that the Act only applies to manufacturers. It also seeks dismissal of so much of plaintiffs' claim that are based on alleged violation of the Magnuson-Moss Warranty Act (a federal law, Magnuson-Moss) on the ground that Magnuson-Moss only protects against warranty nondisclosure not breach of warranty and on the ground that the written warranty

in this case is an undertaking of the defendant manufacturer and not of the defendant dealer.

These issues will be dealt with according to the law involved as indicated.

### The Virginia Warranty Enforcement Act

Plaintiffs make an interesting argument by pointing out and comparing substantive portions of the three bodies of law. They argue that parallels exist between the substantive provisions of the Act, the Uniform Commercial Code and Magnuson-Moss Act, and that the Act gives no greater rights than those already provided under existing law. Thus, they argue, the Act is a procedural vehicle to effectuate rights already in place. It therefore can be applied retroactively, they argue.

It is settled principle that statutes once enacted operate prospectively. *Duffy* v. *Hartsock*, 187 Va. 406 (1948). This general rule applies when vested rights are not impaired. *Shiflett v. Ellen*, 228 Va. 115.

While not supplanting remedies available to consumers generally, under existing state and federal law, the Act creates a new cause of action for a special class of consumer, the automobile purchaser. The Act is to be interpreted according to its announced policy as it applies to automobile purchasers and automobile manufacturers as opposed to the more neutral statutory language in the U.C.C. and Magnuson-Moss. The Act imposes performance obligations on the manufacturer which exceed those in the usual warranty. Now, under the Act, an automobile purchaser can demand refund or replacement when the automobile is seriously defective without having to worry that a court, interpreting similar statutory language in the U.C.C. may find that such purchasers may not yet be deprived of the benefit of the bargain.

Further, the U.C.C. remedy scheme of rejection, acceptance and revocation of acceptance are merged into a single standard under the Act, the reasonableness of repair attempts. The Act establishes a presumption of reasonableness of repair by specifying an exact number of repair attempts at 4 or more or when the vehicle has been out of service 30 or more calendar days. Section 59.1-207.11(B)(1)(2).

All of this constitutes and effects a new cause of action applicable to a distinct class of persons,

automobile purchasers, which did not exist before and is therefore prospective in nature, *Walke v. Dallas, Inc.,* 209 Va. 32.

Since the Act is prospective, the issue of applicability to a dealer need not be discussed.

### Magnuson-Moss Warranty Act
### and the Uniform Commercial Code

On Demurrer, the question is, of course, whether the plaintiff has stated a cause of action. As to these two substantive bodies of law, I believe the plaintiffs' Motion for Judgment does make out a cause of action. Whether plaintiffs can claim rejection, acceptance, or revocation of acceptance are fact issues which can be disposed of by summary judgment or at trial.

The question of whether Magnuson-Moss applies to the defendant dealer is likewise a factual issue. I agree with the plaintiff that Magnuson-Moss can be made applicable to the defendant dealer as a "supplier" -- as defined -- "any person engaged in the business of making a consumer product directly or indirectly available to consumers." 15 U.S.C. § 250(4).

Further, Magnuson-Moss defines "warrantor" as "any supplier or other person who gives or offers to give a written warranty or who is or may be obligated under an implied warranty." 15 U.S.C. § 2301(5). Magnuson-Moss affords remedies for failure to comply with "any obligation, written warranty, implied warranty or service contract." 15 U.S.C. § 2301(d)(1).

Accordingly, defendant manufacturer's motion to dismiss and defendant dealer's demurrer based on the applicability of the Virginia Motor Warranty Enforcement Act are granted and sustained respectively. Defendant dealer's demurrer based on Magnuson-Moss is overruled.