## CIRCUIT COURT OF THE CITY OF RICHMOND

Donald S. Waldron

    v.

Subaru of America, Inc.

July 19, 1990

Case No. LS-896-4

By JUDGE RANDALL G. JOHNSON

Plaintiff brings this action under the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301 *et seq.*, and the Virginia Motor Vehicle Warranty Enforcement Act, Va. Code Section 59.1-207.11 *et seq.* He seeks damages in the amount of $25,000.00, incidental and consequential damages, the cost of substitute transportation, finance charges, attorney's fees, costs, and expenses.

Defendant has filed a plea of the statute of limitations and a motion to strike so much of plaintiff's prayer for relief as seeks to recover items not contained in the Virginia statute as it existed at the time the car was purchased. For the reasons which follow, the court rejects defendant's plea and motion.

### 1. *Statute of Limitations*

Defendant argues that plaintiff's claims under the federal statute and the state statute are governed by eighteen-month statutes of limitations, and defendant concedes that plaintiff filed suit within eighteen months of the date the statute began to run. That action, however, was nonsuited, and defendant now claims that the present action, admittedly filed within six months of the nonsuit, and within the original limitations period as tolled,

is time-barred.[1] Specifically, defendant argues that the statutes of limitations were never tolled at all because plaintiff's nonsuited action failed to name a necessary party. The court rejects defendant's argument for several reasons.

First, while defendant states in his written plea and supporting memorandum that the federal Magnuson-Moss Warranty Act contains an eighteen-month statute of limitations, the court is unable to locate such a limitations period in that Act. In the absence of such a statute of limitations in the federal statute, it would appear that the four-year statute of Va. Code § 8.2-725, dealing with breach of warranty generally, would apply. That statute has not run here.

Second, with regard to the state statute, it is true that the statute of limitations at the time of delivery of the automobile was eighteen months. Effective July 1, 1988, however, still within the original limitations period, that statute was amended to provide:

> Any action brought under this chapter shall be commenced within the lemon law rights period following the date of original delivery of the motor vehicle to the consumer; *however, any consumer whose good faith attempts to settle the dispute have not resulted in the satisfactory correction or repair of the nonconformity, replacement of the motor vehicle or refund to the consumer of the amount described in subdivision 2 of subsection A of Section 59.1-207.13, shall have twelve months from the date of the final action taken by the manufacturer in its dispute settlement procedure or within the lemon law rights period, whichever is longer, to file an action in the proper court, provided the consumer has rejected the manufacturer's final*

---

[1] Va. Code Section 8.01-229(E)(3) provides that the statute of limitations is tolled by the filing of the nonsuited action, and allows the plaintiff to refile the action within six months of the nonsuit, or within the original limitations period, whichever is longer.

*action.* Va. Code § 59.1-207.16 (emphasis added).[2]

Since plaintiff alleges that final action by defendant was taken within twelve months of his filing the present suit, and since it is well settled that "an amendment to a period of limitation that enlarges the period is generally applicable to existing causes of action provided that an action already barred is not revived,"[3] that amendment is applicable. Thus, this action is not time-barred even in the absence of tolling.

Finally, defendant's argument regarding necessary parties is also without merit. That argument is based on the fact that plaintiff was not the original owner of the automobile in question. The original owner was Quality Home Builders, Inc., which later transferred ownership to plaintiff. Defendant argues that because both the federal statute and the state statute define "consumer" as the original buyer of the car *and* any person to whom the car is transferred, Quality Homes is a necessary party to the action. Thus, according to defendant, the failure to name Quality Homes as a party to the nonsuited action means that the nonsuited action did not toll the statute of limitations. Defendant mischaracterizes the concept of necessary parties.

As defendant correctly points out, the Supreme Court of Virginia has defined "necessary parties" broadly:

> Where an individual is in the actual enjoyment of the subject matter, or has an interest in it, either in possession or expectancy, which is likely either to be defeated or diminished by the plaintiff's claim, in such case he has an immediate interest in resisting the demand, and all persons who have such immediate interests are necessary parties to the suit. *Raney v. Four Thirty Seven Land Co.*, 233 Va. 513, 519, 357

---

[2] The "lemon law rights period" is eighteen months. See Va. Code Section 59.1-207.11.

[3] Parris v. Appalachian Power Co., 2 Va. App. 219, 229, 343 S.E.2d 455 (1986). (See also 12A M.J., Limitation of Actions, sect. 53.)

S.E.2d 733 (1987), *quoting Gaddess v. Norris,* 102 Va. 625, 630, 46 S.E. 905, 907 (1904).

As that definition specifically states, however, to be a necessary party, a person or other entity must have an interest which is "likely either to be defeated or diminished by the plaintiff's claim," such that such person or other entity has an "immediate interest in resisting the demand." Quality Homes has no such interest here.

If Quality Homes has any interest at all in the subject matter of this lawsuit, something which the court does not now decide, it is an interest antagonistic to defendant, not plaintiff. Specifically, the only interest Quality Homes can possibly have is a claim for breach of contract against defendant, and for damages from defendant for the time Quality Homes owned the car. Such claim is independent of plaintiff's claim, so that Quality Homes has no "immediate interest in resisting [plaintiff's] demand."

Indeed, even if the court were to find that both quality Homes and plaintiff have present, cognizable causes of action against defendant, such finding would make the case no different from any other case where a single wrongdoer commits a tort or breaches a contract which injures more than one person. For example, where a single driver negligently injures two people in an automobile collision, neither of the injured persons is a necessary party to the other's cause of action, and each may file suit against the tortfeasor without naming the other injured person as a party. Similarly, where a contractual promise is several or joint and several, each obligee can maintain an action thereon in his or her own name. 4B M.J., *Contracts,* § 94. In light of the statutory definitions of "consumer" as the original buyer *and* anyone to whom ownership is transferred, and in light of the fact that Quality Homes' ownership and plaintiff's ownership of the car were not concurrent, the court holds that whatever statutory duties were owed by defendant were owed to Quality Homes and plaintiff severally. Accordingly, Quality Homes is not a necessary party to plaintiff's action, and the nonsuited action did toll the statutes of limitations.

### 2. *Motion To Strike Claim For Relief*

Defendant's motion to strike seeks to have the court dismiss plaintiff's claim for $25,000.00 in damages, incidental and consequential damages, the cost of substitute transportation, finance charges, attorney's fees, costs, and expenses. According to defendant, such items are not recoverable because they were not provided for in the state statute as it existed at the time the car was sold. Again, defendant's position is unsound.

First, defendant's argument ignores the fact that plaintiff filed under the federal statute as well as the state statute. 15 U.S.C. § 2310 specifically provides that a successful plaintiff may recover "damages and other legal and equitable relief," including attorney's fees, costs, and expenses.

Moreover, the 1988 amendments to the Virginia statute also specifically allow a plaintiff to recover "the full purchase price, including all collateral charges, incidental damages . . . [m]ileage, expenses, and reasonable loss of use necessitated by attempts to conform such motor vehicle to the express warranty . . ." as well as "reasonable attorney's fees, expert witness fees and costs . . . ." Va. Code §§ 59.1-207.13(A)(2) and 59.1-207.14.

In *Walke v. Dallas, Inc.*, 209 Va. 32, 161 S.E.2d 722 (1968), the Supreme Court cited with approval the following passage from 50 Am. Jur., *Statutes*, § 482, p. 505:

> Hence, remedial statues or statutes relating to remedies or modes of procedure, which do not create new or take away vested rights, but only operate in furtherance of the remedy or confirmation of rights already existing, do not come within the legal conception of a retrospective law, or the general rule against he retrospective operation of statutes. To the contrary, statutes or amendments pertaining to procedure are generally held to operate retrospectively, where the statute or amendment does not contain language clearly showing a contrary intention . . . . Sometimes, the rule is stated in the form that, when a new statute

deals with procedure only, prima facie, it applies to all actions -- those which have accrued or are pending and future actions. 209 Va. at 35. *See also* 82 C.J.S., *Statutes*, § 421, p. 996. ("As a general rule statutes relating to remedies and procedure are given a retrospective construction.")

Not only do the amendments cited above pertain to remedies only, the state statute itself is highly remedial. The court has no reluctance in giving such remedial provisions retroactive effect.