## CIRCUIT COURT OF THE CITY OF RICHMOND

Thomas Czaplicki

v.

Michelle Lynn Crowder

March 20, 1991

Case No. LR 1522-2

By JUDGE ROBERT L. HARRIS, SR.

This matter comes before the court on plaintiff's Motion to Reduce Commonwealth's lien. The motion is granted.

Plaintiff's injury occurred on May 18, 1987, when a vehicle driven by defendant struck plaintiff, a pedestrian. Contributory negligence was at issue, as plaintiff was struck in the middle of the road on a rainy night. There were no eye witnesses to substantiate plaintiff's claim that defendant changed lanes prior to impact.

Serious injuries were sustained by plaintiff, including a Grade II head injury and the fracture of his right tibia and fibula. Treatment was initiated in the emergency room of the Medical College of Virginia Hospital, hereinafter referred to as MCV. Plaintiff remained at MCV for one week before being transferred to the Veterans Hospital for post surgical care.

Plaintiff owes various sums as a result of his medical treatment and the prosecution of this personal injury action. The medical expenses due and owing total $10,055.00, consisting of the following: MCV, $6,038.43; Veterans Administration, $4,000.00; MCV Associated Physicians, $518.00. In addition to the medical expenses, plaintiff has contracted to pay his attorney one-third of any recovery, plus reimbursement of all the attorney's out-of-pocket expenditures. The attorney's out-of-pocket expenditures total $1,298.48.

This case was aggressively pursued by plaintiff's attorney. He deposed numerous witnesses and attended several hearings before this court on pretrial motions. In addition, he conducted an exhaustive independent investigation of the facts and interviewed potential witnesses.

Plaintiff accepted a settlement offer of $12,000.00 from defendant on November 9, 1990, subject to the court's reduction of medical liens. The November 14, 1990, trial date was continued in consideration of the pending settlement. As the settlement is contingent on the court's reduction of the medical liens, defendant has withheld the settlement funds awaiting the result of the lien apportionment hearing.

The Commonwealth of Virginia and the Veterans Administration have statutory medical liens against plaintiff's recovery. The Veterans Administration has agreed to accept $666.00 from the settlement proceeds in satisfaction of its lien against the recovery. Plaintiff has requested that the Commonwealth voluntarily reduce its lien. Commonwealth's offer to reduce its lien to $4,000.00 was rejected by the plaintiff. MCV Associated Physicians has a lien for $300.00 pursuant to Va. Code § 8.01-66.2. A bill was mailed to plaintiff at his attorney's address, effectively creating a lien against defendant on the personal injury claim. Va. Code § 8.01-66.5.

If the court does not compromise the liens, the payment of debts from plaintiff's settlement would total $10,264.48, being comprised of the following:

| | |
|---|---|
| Rodney E. Williams, Esq. - fee | $4,000.00 |
| Rodney E. Williams, Esq. - costs | 1,298.48 |
| MCV | 4,000.00 |
| Veteran's Administration | 666.00 |
| MCV Associated Physicians | 300.00 |

Receipt of settlement proceeds by plaintiff would amount to only $1,735.52. Plaintiff and defendant have agreed that the settlement would be acceptable if the medicals liens were compromised further. The settlement is not acceptable to plaintiff if he receives only $1,735.52.

Plaintiff's Motion for Reduction is based on Va. Code § 8.01.66.9. The pertinent portion of the statute provides:

> The court in which a suit by an injured person or his personal representative has been filed against the person, firm or corporation alleged to have caused such injuries or in which such suit may properly be filed, may, upon motion ot petition by the injured person, his personal representative or his attorney, and, after written notice is given to all those holding liens attaching to the recovery, reduce the amount of the liens and apportion the recovery, whether by verdict or negotiated settlement, between the plaintiff, the plaintiff's attorney, and the Commonwealth or such Department or institution as the equities of the case may appear, provided that the injured person, his personal representative or attorney has made a good faith effort to negotiate a compromise pursuant to § 2.1-127. The court shall set forth the basis for any such reduction in a written order.

*Id.*

The above-quoted language resulted from amendments in 1988 and 1989 to Va. Code § 8.01-66.9. The effective date of the 1989 amendment was July 1, 1990. The Commonwealth argues that its lien arose in May, 1987, at the time medical treatment was rendered. Further, it is argued that the statutory provisions in effect in 1987 would be determinative of the matter at hand, as the language effects a substantive right of the Commonwealth.

The language of Va. Code § 8.01-66.9 in effect in May, 1987, was as follows:

> The court in which a suit by an injured person or his personal representative has been filed may reduce the amount of the lien and apportion the recovery, between the plaintiff, the plaintiff's attorney, and the Commonwealth or such institution as the equities of the case may appear, where the first offer acceptable to plaintiff's attorney is not made until seventy-two hours prior to the date of trial.

Va. Code § 8.01-66.9 (amended 1988, 1989).

The issue before the court is whether the 1989 amendment to Va. Code § 8.01-66.9 applies to the case at bar, so as to allow the court to reduce the Commonwealth's lien. Settlement in the case at hand occurred beyond the seventy-two hour window. It is a general rule that new legislation will not interfere with existing contracts, rights of action, suits and vested right, unless that intent is expressly stated by the legislature. *Phipps v. Sutherland*, 201 Va. 448, 111 S.E.2d 422 (1959). The language of the amendments to Va. Code § 8.01-66.9 does not evidence legislative intent that the amendment apply retroactively.

Categorization of the amendment as substantive, procedural or remedial determines whether it has retroactive application. "A legislative enactment, if purely procedural in nature, may be given retroactive effect, but not if it creates new rights, imposes new duties, or impairs vested interests." *Sargent Electric Co. v. Woodall*, 228 Va. 419, 424, 323 S.E.2d 102, 105 (1984), citing *Duffy v. Hartsock*, 187 Va. 406, 417, 46 S.E.2d 570, 574-75 (1948)). An amendment to statute may not impair a substantive right, regardless of whether that right is vested in interest. *Sargent Electric Co. v. Woodall*, 228 Va. at 424 (citing *Shiflet v. Eller*, 228 Va. 115, 120, 319 S.E.2d 750, 753-54 (1984)). If the amendment controls the remedies available in the court, it applies retroactively. *Walke v. Dallas, Inc.*, 209 Va. 32, 161 S.E.2d 722 (1968).

The 1989 amendment to § 8.01-66.9 is purely remedial in nature. Pursuant to the amendment, the court has the ability to reduce the liens and apportion the recovery beyond the prior restriction of seventy-two hours. The Commonwealth is not deprived of its claim to payment in full; it is free to seek collection of the full amount of its claims from other sources. The amendment expanded the court's ability to compromise the lien with respect to one source of funds.

In the case of *Rector and Visitors of the University of Virginia v. Harris*, 239 Va. 119, 387 S.E.2d 772 (1990), the court determined that a hospital may collect the balance of the debt due after the trial court reduced the lien pursuant to Va. Code § 8.01-66.9. That statute does not give the court authority to discharge the underlying debt.

The court's authority is limited to reducing the liens against one source of payment, the personal injury settlement. The Commonwealth in the case at hand is free to secure a judgment for $3,538.43, being the balance due and owing after payment from the personal injury settlement, and seek collection from other assets or sources of income.

The Commonwealth is not losing the substantive right to its claim. "Substantive rights, which are not necessarily synonymous with vested rights, are included within that part of the law dealing with the creation of duties, rights, and obligations, as opposed to procedural or remedial law, which prescribes methods of obtaining redress or enforcement of rights." *Gaynor v. Hird*, 11 Va. App. 588, 592, 400 S.E.2d 788, 790 (1991) (citing *Shiflet v. Eller*, 228 Va. 115, 120, 319 S.E.2d 750, 754 (1984)).

The amendment applies retroactively because it is remedial. Therefore, this court has the ability to compromise not only the lien of the Commonwealth, but that of plaintiff's attorney.

Plaintiff received substantial injuries as a result of the accident, which required three months of treatment. The pain and suffering that he endured compels that he receive more than $1,735.52, or 14% of the settlement. The substantial time and effort plaintiff's attorney expended in securing the settlement must be considered when reducing plaintiff's attorney's fees. Of additional concern is the Commonwealth's ability to collect on the remainder of its claim.

Creditors may be unable to collect the balance due from plaintiff after the court disburses the settlement funds. Plaintiff is a nonresident with no known permanent address. It is possible that any amount not collected from the settlement funds will never be collected.

Considering the competing interests and concerns of plaintiff and his creditors, the settlement funds shall be disbursed as follows:

| | |
|---|---|
| Rodney E. Williams. Esq. - fees | $3,500.00 |
| Rodney E. Williams, Esq. - costs | 1,298.48 |
| MCV | 2,500.00 |
| Veterans Administration | 666.00 |
| MCV Associated Physicians | 300.00 |
| Thomas Czaplicki | 3,735.52 |