## CIRCUIT COURT OF FAIRFAX COUNTY

Barbara

v.

Adams

November 7, 1994

Case No. (Law) 127873

BY JUDGE GERALD BRUCE LEE

This matter comes before the Court on Defendant Adams' demurrer to Plaintiff Barbara's claim for punitive damages under § 8.01-44.5 of the Code of Virginia, 1950, as amended, which allowed for punitive damages in personal injury cases where the driver was intoxicated. It is alleged that plaintiff and defendant were involved in an accident that occurred in December, 1992. This case was filed in November, 1993, and § 8.01-44.5 was enacted in 1994 with an effective date of July 1, 1994. Since the accident in this case occurred prior to the effective date of the statute, plaintiff contends that § 8.01-44.5 should be applied retroactively.

Under Virginia law, statutes are presumed prospective unless there is clear, unequivocal expression by the legislature that the statute is to be applied retroactively. *Foster v. Smithfield Packing Co.*, 10 Va. App. 144 (1990). In the present case, there is no language in the statute, nor is there evidence in the legislative history, of the legislature's intent to apply § 8.01-44.5 retroactively.

There is a line of Virginia cases which cite an exception to the presumption of prospectivity. These cases hold that statutes that affect vested and substantive rights may not be applied retroactively; while statutes that are purely procedural or remedial in nature may be given retroactive effect. *Starnes v. Cayouette*, 244 Va. 202 (1992); *Sargent Electric v. Woodall*, 228 Va. 419, 424 (1984); and *Duffy v. Hartsock*, 187 Va. 406, 417 (1948).

Several Virginia Federal Courts have found that statutes allowing for punitive damages are substantive in nature and thus may not be applied retroactively. In *Armentrout v. International Harvester*, 547 F. Supp. 136

(W.D. Va. 1982), the Court ruled that an amendment to the Wrongful Death Statute which allowed for punitive damages would constitute a major change in the effect and purpose of the Act. The Court also found that allowing for punitive damages would tamper with the vested rights of the parties. *Id.* at 138.

In both *Spicer v. Commonwealth of Virginia*, 818 F. Supp. 917 (E.D. Va. 1993), and *Rowson v. County of Arlington*, 786 F. Supp. 555 (E.D. Va. 1992), the Court held that § 102 of an amendment to the Civil Rights Act, which allows for the recovery of punitive damages, could only be applied prospectively. In interpreting the same provision of the Civil Rights Act, the United States Supreme Court ruled that punitive damages are only to be applied prospectively since the label punitive and the rationale supporting punitive damages demonstrate that such damages share a key characteristic of criminal sanctions. The Court held that the punitive damages provision could not be applied retroactively because such retroactive application would raise serious questions under the *Ex Post Facto* clause of the United States Constitution. *Landgraf v. USI Film Products*, 114 S. Ct. 1483 (1994).

In the present case, allowing for punitive damages would constitute a major change in the effect of the common law because Virginia common law in effect at the time action was filed allowed for punitive damages in only the most egregious circumstances. *See Huffman v. Love*, 245 Va. 311 (1993) (decided the same day as *Puent*); *Puent v. Dickens*, 245 Va. 217 (1993); *Hack v. Nester*, 241 Va. 499 (1991); *Booth v. Robertson*, 236 Va. 269 (1988); *Baker v. Marcus*, 201 Va. 905 (1960).

Section 8.01-44.5 is substantially more liberal than the common law in allowing for the recovery of punitive damages, and applying this statute retroactively would tamper with the vested rights of the parties. Using federal interpretations of statutes allowing for punitive damages as guidance, the Court finds that the relief sought under § 8.01-44.5 is substantive in nature and thus cannot be applied retroactively to a case where the wrong occurred, and the case was filed, prior to the enactment of the statute. Therefore, the demurrer is sustained and leave to amend the motion for judgment is denied.