# CIRCUIT COURT OF BEDFORD COUNTY

Christine T. Majied

v.

Boyd W. Garrett,
Administrator of the
Estate of James Henry Brown

January 18, 2000

Case No. CH93016892-00

BY JUDGE JAMES W. UPDIKE, JR.

On August 20, 1993, the complainant, Christine T. Majied, filed with this Court a bill of complaint in which she alleges that she is the daughter of James Henry Brown, who died intestate on March 7, 1993. In her prayer for relief, Majied requests this Court to grant the following:

1. To make a finding that decedent James Henry Brown is the father of complainant;
2. To determine that Christine Majied is the sole child and legal heir of James Henry Brown and order that she be entitled to take two-thirds of the estate, real and personal;
3. To remove Boyd W. Garrett as Administrator and to appoint Christine Majied as Administrator of the Estate of James Henry Brown;
4. To require Defendant to compensate Complainant for all costs, attorney's fees, and disbursements incurred herein; and
5. Grant Complainant such other and further relief as to equity may seem meet.

Bill of Complaint, pp. 2-3.

Majied filed a motion in this matter on October 27, 1994, in which she requests that the body of James Henry Brown be exhumed for purposes of paternity testing.

On July 11, 1995, this Court ordered the exhumation of the body of James Henry Brown for purposes of paternity testing in accordance with § 32.1-286 of the Code of Virginia. The defendant, Boyd W. Garrett, administrator of the estate of James Henry Brown (hereinafter administrator), appealed this interlocutory order to the Supreme Court of Virginia. On June 7, 1996, the Supreme Court ruled that § 32.1-286 did not authorize exhumation for the purpose of establishing paternity, and therefore, this Court was without subject matter jurisdiction to enter the exhumation order. *Garrett v. Majied,* 252 Va. 46, 471 S.E.2d 479 (1996). Accordingly, the Supreme Court reversed the exhumation order entered by this Court and remanded the case for further proceedings on the bill of complaint.

In 1997, the General Assembly amended § 32.1-286 of the Code of Virginia to provide, in pertinent part, as follows:

> Upon the presentation of substantial evidence by a moving party that he will prevail in his attempt to prove, in accordance with the provisions of §§ 64.1-5.1 and 64.1-5.2, that he is the issue of a person dead and buried, and in the interest of the furtherance of justice, a court may order the exhumation of the body of a dead person for the conduct of scientifically reliable genetic tests, including blood tests, to prove a biological relationship. The costs of the exhumation and testing shall be paid by the moving party, unless, for good cause shown, the court orders such costs paid from the estate of the exhumed deceased.

Section 32.1-286(C) of the Code of Virginia.

When this case again came to be heard by this Court, counsel argued the issue of whether § 32.1-286, as amended in 1997, could be applied retroactively to these proceedings. After consideration of memoranda submitted by counsel and the legal research department of the Supreme Court, Judge William W. Sweeney ruled by letter opinion dated March 26, 1998, that the 1997 amendment of § 32.1-286 could not be applied retroactively to these proceedings.

The effective date of Judge Sweeney's retirement was March 31, 1998, and Judge Sweeney stated in his letter opinion that he would not enter an order incorporating his opinion because I would preside over further

proceedings in this matter and he did not wish me to be bound by his interim ruling.

An order incorporating Judge Sweeney's letter opinion was subsequently presented to me for entry. Without the benefit of any further hearings or argument in this matter, but after what I considered to be not an insignificant amount of review and consideration, I entered the order incorporating Judge Sweeney's opinion on July 10, 1998. This order, which was entered as tendered, continued these proceedings rather than dismissing them.

Majied, by counsel, has now requested this Court to reconsider the interlocutory order entered on July 10, 1998. A hearing was conducted on Majied's motion on November 19, 1999, and I have now received and considered additional memoranda submitted by counsel.

The issue presently before the Court is whether the 1997 amendment to § 32.1-286 is substantive or procedural in nature.

By statute, the General Assembly has provided the following concerning application of new legislative enactments:

> No new law shall be construed to repeal a former law, as to any offense committed against the former law, or as to any act done, any penalty, forfeiture, or punishment incurred, or any right accrued, or claim arising under the former law, or in any way whatever to affect any such offense or act so committed or done, or any penalty, forfeiture, or punishment so incurred, or any right accrued, or claim arising before the new law takes effect; save only that the proceedings thereafter had shall conform, so far as practicable, to the laws in force at the time of such proceedings; and if any penalty, forfeiture, or punishment be mitigated by any provision of the new law, such provision may, with the consent of the party affected, be applied to any judgment pronounced after the new law takes effect.

Section 1-16 of the Code of Virginia.

When applying § 1-16 of the Code of Virginia, the United States Court of Appeals for the Fourth Circuit has stated: "This statute or a predecessor has been the law of Virginia for more than one hundred years and has long been held to apply to civil as well as criminal cases." *Garraghty v. Com. of Va. Dept. of Corrections*, 52 F.3d 1274 (4th Cir. 1995).

The Supreme Court of Virginia has stated the following as a general rule of statutory application:

> The general rule is that statutes are prospective in the absence of an express provision by the legislature. Thus when a statute is amended while an action is pending, the rights of the parties are to be decided in accordance with the law in effect when the action was begun, unless the amended statute shows a clear intention to vary such rights.

*Washington v. Commonwealth*, 216 Va. 185, 193, 217 S.E.2d 815 (1975).

The Supreme Court has also made clear that even though there is a general rule of prospective application of new statutes absent a clear legislative intent of retroactive application, a determination must be made whether the new legislation is substantive or procedural in nature.

The Supreme Court of Virginia has distinguished substantive rights from procedural rights by stating the following:

> Substantive rights, which are not necessarily synonymous with vested rights, are included within that part of the law dealing with creation of duties, rights, and obligations, as opposed to procedural or remedial law, which prescribes methods of obtaining redress or enforcement of rights.

*Riddett v. Virginia Elec. and Power Co.*, 255 Va. 23, 28, 495 S.E.2d 819 (1998), quoting *Shiflet v. Eller*, 228 Va. 115, 120, 319 S.E.2d 750, 754 (1984).

The Supreme Court of Virginia has further stated:

> A legislative enactment, if purely procedural in nature, may be given retroactive effect, but not if it creates new rights, imposes new duties, or impairs vested interests. See *Duffy v. Hartsock*, 187 Va. 406, 417, 46 S.E.2d 570, 574-75 (1948). Nor may such enactment impair rights substantive in character, even if not vested in interest. *Shiflet v. Eller*, 228 Va. 115, 120, 319 S.E.2d 750, 753-54 (1984).

*Sargent Elec. Co. v. Woodall*, 228 Va. 419, 424, 323 S.E.2d 102 (1984).

When ruling that Virginia's long arm statutes applied to a cause of action that accrued before the effective date of the long arm statutes, the Supreme Court of Virginia stated:

> We do not overlook or overrule the statement in *Phipps, Adm'r v. Sutherland*, 201 Va. 448, 452, 111 S.E.2d 422, 425, that the generally accepted rule is that "statutes of limitation, or remedial statutes, are not retrospective in their application in the absence of clear legislative

> intent." But the statutes here involved are not of the type to which that rule applies. They create no new cause of action and take away no existing right or remedy. They only provide a forum for asserting an existing right, with respect to which, as stated in *Gilreath*, the law in force at the time of the trial must prevail.

*Walke v. Dallas, Inc.*, 209 Va. 32, 36, 161 S.E.2d 722 (1968).

Similarly, when ruling that the 1977 amendments to the capital murder statutes applied retroactively to an offense that occurred before the effective date of the statutes, the Supreme Court of Virginia interpreted § 1-16 of the Code of Virginia, and stated the following:

> Section 1-16 itself expressly provides that "proceedings" under a new statute "shall conform, so far as practicable, to the laws in force at the time of such proceedings." We construe this language to mean that procedural provisions of the statute in effect on the date of trial control the conduct of trial in so far as practicable.

*Smith v. Commonwealth*, 219 Va. 455, 476, 248 S.E.2d 135 (1978).

In my opinion, the 1997 amendment to § 32.1-286 of the Code of Virginia is procedural in nature. It must be remembered that the essence of Majied's prayer for relief, as stated in the bill of complaint that she filed in 1993, is a determination of whether she is the daughter of James Henry Brown, and if she is determined to be the daughter of James Henry Brown, she requests that her substantive rights be enforced in accordance with §§ 64.1-5.1 and 64.1-5.2 of the Code of Virginia. In this regard, none of the substantive rights of either Majied or the administrator are modified or affected by the 1997 amendment to § 32.1-286. In the language used in *Walke*, the statutory changes "create no new cause of action and take away no existing right or remedy." 209 Va. at 36. Instead, in the language of *Shiflet*, the 1997 amendment "prescribes methods of obtaining redress or enforcement of rights." 228 Va. at 120. Indeed, the 1997 amendment specifically states that a court may order the exhumation of a body for the conduct of scientifically reliable genetic tests upon "the presentation of substantial evidence by a moving party that he will prevail *in his attempt to prove, in accordance with the provisions of §§ 64.1-5.1 and 64.1-5.2* that he is the issue of a person dead and buried." Section 32.1-286(C) of the Code of Virginia (emphasis added). Consequently, the 1997 amendment does not substantively change §§ 64.1-5.1 and 64.1-5.2, but rather provides a method of obtaining redress or enforcement of rights accorded by those statutes.

I further emphasize that in my opinion application of the 1997 amendment of § 32.1-286 to this proceeding does not constitute *retroactive* application of that statute. Rather, the procedural statute in effect at the time of trial will be applied at the time of trial. As required by § 1-16 of the Code of Virginia, and as stated by the Supreme Court of Virginia in *Smith*, the "procedural provisions of the statute in effect on the date of trial control the conduct of trial in so far as practicable." 219 Va. at 476.

I therefore vacate the interim order entered in this matter on July 10, 1998.

I further note that subsection C of § 32.1-286 of the Code of Virginia was again modified by the General Assembly in 1999. Among the modifications made by the 1999 amendment is the specific inclusion of DNA tests. Moreover, the statute now reads in pertinent part: "This provision is intended to provide a *procedural* mechanism for obtaining posthumous samples for reliable genetic testing and shall not require substantive proof of parentage to obtain the exhumation order." § 32.1-286(C) of the Code of Virginia (emphasis added).

Upon request and notice to opposing counsel, a hearing will be conducted on a motion to exhume. The Court will rule upon the motion in accordance with the evidence and the law applicable to the proceedings.